ANDREWS et al. v. MYNIER et al.
(No. 5767.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 3, 1917.)

1. RAILROADS ⊚⇒312(4)—INJURY AT CROSSING—LIABILITY.

In an action to recover the value of an automobile destroyed by defendant's train, alleging failure to keep a lookout for any obstructions on the track, defendant, if its servants could not by keeping a lookout have discovered it in time to have prevented the injury, would not be negligent.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 991; Dec. Dig. ⊚⇒312(4).]

2. RAILROADS ⊚⇒338—INJURY AT CROSSING—CONTRIBUTORY NEGLIGENCE.

If plaintiff was negligent in going upon defendant's track with his automobile, and defendant's employés did not and could not by the exercise of ordinary care have discovered him in time to prevent injury, he could not recover for the destruction of the automobile.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1096–1099; Dec. Dig. ⊚⇒338.]

3. NEGLIGENCE ⊚⇒97—COMPARATIVE NEGLIGENCE—RECOVERY.

The rule of comparative negligence prescribed by Rev. St. art. 6649, in the case of injury to a carrier's employé does not prevail in other cases of injury from negligence. In all other cases of negligence contributory negligence is an absolute defense.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 93, 162; Dec. Dig. ⊚⇒97.]

Appeal from San Patricio County Court; M. A. Childers, Judge.

Suit by J. L. Mynier and another against Frank Andrews, receiver, and another. Judgment for plaintiffs, and defendants appeal. Reversed, and judgment rendered that plaintiffs take nothing by their suit.

Kleberg, Stayton & Picton, of Corpus Christi, for appellants. J. C. Houts, of Sinton, for appellees.

FLY, C. J. J. L. Mynier and Mae G. Mynier sued the St. Louis, Brownsville & Mexico Railway Company and Frank Andrews, the receiver thereof, to recover the value of an automobile alleged to have been struck and destroyed by a train belonging to the railway company. It was alleged that J. L. Mynier attempted to drive his automobile across the track of the railway company, and that when on the track "the engine of said auto went dead, and said auto stopped on the track." The only negligence alleged on the part of appellants was:

"That it was the duty of the engineer and fireman on said locomotive to have kept a lookout for obstructions upon defendants' track on said occasion, and had they or either of them performed said duty they could have stopped said train before the said engine had reached said automobile, and that it was by reason of the carelessness and negligence of defendants' servants, agents, and employés that said automobile was injured and destroyed as aforesaid."

The cause was submitted to the jury upon special issues, and the court rendered judgment against the railway company and receiver for $179.50.

The jury found that the automobile was of the value of $450 just before the collision, and only $91 immediately afterwards; that the employés operating the train did not discover the automobile on the track a sufficient time before the train struck it to have stopped the train before it struck the automobile, nor could they have made such discovery by the use of ordinary care; that the employés did not use ordinary care in having the train approach the place where the automobile had stopped on the track; that they were negligent, and such negligence was the proximate cause of the collision. The jury also found that J. L. Mynier was negligent when approaching and attempting to cross the railway track, and that his negligence contributed to the injury to the automobile.

[1] The inconsistency of the finding that the employés of appellant did not discover, and could not by the exercise of ordinary care have discovered, the automobile on the track, and yet that they were guilty of negligence in approaching the crossing, is appa-

rent. The only negligence charged was a failure to keep a lookout for any obstruction on the track, and if they could not, by keeping a lookout, have discovered the obstruction in time to have prevented the injury, there could be no negligence. Not only is it clear from the findings as to the acts of the employés that there could have been no negligence on their part, but in addition the jury found that the driver of the car was guilty of contributory negligence in attempting to cross the track. The jury was, in effect, instructed to apply the rule of comparative negligence, which had no application to a case of this character, and, although it was found that the car was injured to the extent of $359, the sum of $179 only was allowed appellees. It was endeavored to punish J. L. Mynier to the extent of a fine of $180 for going upon a crossing in front of a moving train and having his motor "go dead" on him.

[2] If J. L. Mynier was guilty of negligence in going upon the track and the employés did not discover him thereon, and could not by the exercise of ordinary care have discovered him thereon, as found by the jury, appellees should not have recovered, and judgment should have been rendered, on the answers to the issues presented, for appellants.

[3] The rule of comparative negligence does not exist in Texas, except as between common carriers and their employés. In all other case of injuries resulting from negligence, contributory negligence is an absolute defense, no matter how negligent the defendant may have been. Article 6649, Rev. Stats.; S. A. Brewing Ass'n v. Wolfshohl, 155 S. W. 644. The jury found contributory negligence, and all the facts tend to show that the automobile could not have been injured had it not been for the negligence of the driver in going upon the track. The negligence of the driver was the proximate cause of the injury to the automobile.

The judgment is reversed, and judgment here rendered that appellees take nothing by this suit and pay all costs in this behalf expended.