(110 Tex. 301)

BAKER et al. v. FOGLE et al.    (No. 3257.)

(Supreme Court of Texas. Dec. 17, 1919.)

1. ADVERSE POSSESSION ⊂∞88—DISCONTINU-
ING PAYMENT OF TAXES AN ABANDONMENT OF
CLAIM.

As certainly as the payment of taxes im-
plies the assertion of a claim of right, in an
open and public way, which may reach the own-
er, so the discontinuance of tax payments sig-
nifies the abandonment of such claim.

2. ADVERSE POSSESSION ⊂∞94 — PAYMENT OF
TAXES BEFORE DELINQUENCY NECESSARY.

Where plaintiff claimed title to land under
the five-year statute of limitations, he was
bound to show payment of taxes before they
became delinquent under Rev. St. 1911, arts.
7615, 7616, et seq., for it is essential to acquire
title under the five-year statute that the land-
owner receive the notice which he must have
by payment of taxes before they become delin-
quent.

Error to Court of Civil Appeals of First
Supreme Judicial District.

Trespass to try title by George W. Baker
and others against Lewis Fogle and others.
A judgment in part for plaintiffs was on
defendants' appeal affirmed in part and re-
versed and rendered in part by the Court of
Civil Appeals (205 S. W. 752), and plaintiffs
bring error. Judgment of Court of Civil Ap-
peals reversed, and that of district court
affirmed.

Hutcheson & Bryan, of Houston (A. D.
Dyess, of Houston, of counsel), for plain-
tiffs in error.

F. R. Switzer and Sam, Bradley & Fogle,
all of Houston, for defendants in error.

GREENWOOD, J. Plaintiffs in error were
entitled to recover the 100 acres of land sued
for, unless defendant in error, Lewis Fogle,
had acquired title under the statute of limi-
tations of five years.

Defendant in error Lewis Fogle had peace-
able and adverse possession of the land, cul-
tivating, using, and enjoying the same, and
claiming, under a' deed duly registered, from
the spring of 1907 to October 2, 1916, when
this suit was filed.

Defendant in error Lewis Fogle paid the
taxes for 1907 on June 4, 1908, and paid the
taxes for 1913 on November 30, 1914. He
paid the taxes for each of the other years
from 1907 to 1916 before such taxes became
delinquent.

The land belonged to the community es-
tate of Daniel Baker and wife, having passed
to plaintiffs in error by inheritance from
them. Daniel Baker died in 1901; his sur-
viving wife died in 1910; and there was no
administration on the wife's estate.

On these facts, the trial court adjudged
one-half the land to plaintiffs in error and
one-half to defendant in error Lewis Fogle,
holding that he had acquired title, under the
five-years statute of limitation, to the one-
half interest which formerly belonged to
Daniel Baker, but that he had not acquired
title, under that statute, to the one-half in-
terest which formerly belonged to the wife of
Daniel Baker, since payments of taxes for
five consecutive years were not shown, ex-
cluding the year of suspension of limita-
tions following the death of the wife of Dan-
iel Baker, and excluding the tax payments
for the years 1907 and 1913.

The honorable Court of Civil Appeals held
that the tax payments for 1907 and 1913 met
the requirements of the five-years statute of
limitations, and reversed the judgment of the
trial court, and rendered judgment for de-
fendant in error Lewis Fogle against the
plaintiffs in error for the title to, and pos-
session of, the entire 100 acres in contro-
versy.

The case is determined by our conclusion
that such payments of taxes were not shown
for the years 1907 and 1913, as were required
by our five-year statute of limitations.

The Court of Civil Appeals based its de-
cision on Snowden v. Rush, 76 Tex. 197, 13
S. W. 189, where it was held in an opinion
of the Commission of Appeals, adopted by
the Supreme Court, that the plea of five-
years limitation was sustained, though the
proof showed that taxes for one of the req-
uisite five years was not paid until the fol-
lowing March 29th, when the law imposed
penalties for neglect to pay before March
1st. The opinion in that case discusses only
the effect of delaying to make the tax pay-
ment until subsequent to the abandonment
of the possession of the land, after such pos-
session had continued for the full term of
five years, and deals in no wise with the ef-
fect of delaying the payment until the taxes
were delinquent, save to state that under the
governing laws in force in the year in ques-
tion the taxes were authorized to be paid aft-
er March 1st, when accompanied by penal-
ties, and save to state that the trial court did
not err in sustaining the limitation plea.

Notwithstanding it could hardly be said
that the opinion in Snowden v. Rush dis-
closed a deliberate examination and decision
of the precise question here presented, we
should be strongly inclined to follow it as
involving a determination of the question
in favor of the claimant under the statute,
had not this court indicated, at the first op-
portunity, that it was not inclined to consid-
er payments of taxes, after they became de-
linquent, as complying with the statute.

In Capps v. Deegan, 50 S. W. 151, the San
Antonio Court of Civil Appeals adopted a
conclusion of fact by the trial court as fol-
lows:

⊂∞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"I find that the plaintiff, Margaret Deegan, through her tenants, was in possession of the premises sued for from 1888 to 1895, inclusive, cultivating and using same; that such possession was continuous, peaceable, and adverse, and that she paid the taxes for the years 1890, 1891, 1892, 1893, and 1894, but that the taxes for the years 1890, 1891, and 1892 were all paid on the 29th day of November, 1892; and that such possession was under deeds duly recorded."

As conclusions of law, the Court of Civil Appeals found that the evidence, though conflicting, supported the trial court's findings; that the description in the deed under which limitation was claimed was sufficient to identify the land; and then the court said:

"To support the statute of five-year limitations, it is not necessary to show that the taxes for each year were paid during the respective years when they accrued. Rev. St. art. 3342. There is no error in the judgment, and it is affirmed."

In refusing a writ of error, the Supreme Court, per Chief Justice Gaines, declared its unwillingness to approve the opinion of the Court of Civil Appeals in the following opinion of five lines, viz:

"We are not prepared to concur with the Court of Civil Appeals in holding that the appellee made out her title to the land in controversy by virtue of the statute of limitations of five years. But we think that she showed title otherwise. The application is therefore refused." Capps v. Deegan, 92 Tex. 601, 50 S. W. 1117.

The opinion of Judge Brown in Club Land & Cattle Co. v. Wall, 99 Tex. 595, 91 S. W. 778, 122 Am. St. Rep. 666, declared that a party seeking to acquire title by limitation, through a five-year peaceable and adverse possession, which was completed on December 14, 1903, under a registered deed, was under the duty to pay taxes for 1903 from the 1st day of October, 1903, and that failure to pay before the owner filed suit to recover the land on April 11, 1904, prevented the acquisition of title by limitations.

[1, 2] Our statutes authorize the tax collector to begin to collect the taxes for each year on the 1st day of October of that year, and such statutes impose on every person the duty to pay his taxes, for each year, before the last day of the year. Articles 7615, 7616, R. S. If any person fails or refuses to pay any taxes imposed on him or his property for any year by the succeeding January 31st, a penalty accrues of 10 per cent. of the amount of such taxes, and any personal property belonging to such person becomes liable to levy and sale, for the payment of the taxes, penalty, etc. On the following 31st day of March, the lands on which taxes remain unpaid are listed as delinquent by the tax collector. Articles 7692, 7575, 7576, 7577, R. S. There is no difference, which is material here, between our statutes now and those which governed the payment and collection of taxes for the years 1907 and 1913.

There can be no doubt that the taxpayer has become in default with regard to his obligation for the payment of taxes, when the time has arrived for the imposition of penalties and for the enforcement of his obligation through the seizure and sale of his property. Through defendant in error's default, the taxes for the years 1907 and 1913 on the 100 acres in controversy had become delinquent before he paid them, and to sustain defendant in error's claim of title by limitation is to hold that the five-year statute requires no more, as respects taxes, than their payment for the period of five-year possession, under recorded deed, at any time that the possessor may elect, before suit filed, or before the expiration of the five-year possession and before suit filed. Such a holding, in our judgment, would not be right. It would be contrary to the true purpose of the statutory requirement of tax payments. It would defeat the legislative intent.

Peaceable and adverse possession is required to continue for ten years to give full title to land in Texas, even when taken and held under a duly registered written memorandum of title, other than a deed, fixing the boundaries of the possessor's claim.

This evidences the Legislature's conclusion that notice to the owner of an adverse claim, given through peaceable and adverse possession alone, or through such possession plus registration of a written memorandum of title other than a deed, ought to continue as long as ten years, before the owner, who fails to sue, should be deprived of his land.

The Legislature's conclusion is equally evident that the owner should not be deprived of his land by reason of his failure to sue for only half of ten years, unless he has been chargeable with notice of the adverse claim, not only through peaceable and adverse possession, but through a deed or deeds duly registered, and also through the payment of taxes.

By payment of taxes, as by registration of deed, does the possessor give notice, in a public office and in an unequivocal manner, of not only a claim of right but of the extent of that claim. There is nothing open to inspection in a public office to give an owner notice of the number of acres claimed by a naked possessor out of a tract of larger acreage than that in his actual possession. The number of acres is declared and shown in the office of the tax collector and in the office of the county clerk, when taxes are paid and when a deed, within the meaning of the five-year statute, is recorded. The fact that the deed records may furnish the more satisfactory notice does not prevent the tax payments from also furnishing notice. The statute requiring notice through both

channels, notice through one, even though the better, cannot suffice.

Regular and unbroken tax payments, moreover, have a peculiar and distinct value in negativing an abandonment of the possessor's claim. As certainly as the payment of taxes implies the assertion of a claim of right, in an open and public way, which may reach the owner, so the discontinuance of tax payments signifies the abandonment of such claim. Ewing v. Burnet, 11 Pet. 54, 9 L. Ed. 624; Holtzman v. Douglas, 168 U. S. 284, 18 Sup. Ct. 65, 42 L. Ed. 466; Todd v. Weed, 84 Minn. 7, 86 N. W. 756.

That the essential office of tax payments in support of five-year limitation is to give notice of the possessor's claim is clearly recognized in the latest expression on the subject by this court. In the opinion of Chief Justice Phillips, in Rosenborough v. Cook, 108 Tex. 366, 194 S. W. 132, it is said:

"The law of limitation of actions for land is founded upon notice. The title by limitation ripens, primarily, only because, in such manner and for such period of time as the different statutes require, notice is given of the hostile claim. Under the three-year statute it is afforded by possession under title or color of title. Under the ten-year statute, simply by possession. And under the five-year statute it is given by possession, and payment of taxes, and the registration of a naked deed. It is not the character of the deed as a conveyance of title which, under the five-year statute, helps to put limitation in motion. It assists the operation of limitation under that statute merely because of the notice given of the adverse claim by its registration as an instrument which purports to convey, not the title, but the land."

If it should be said that the tax payments were required to show good faith on the part of the possessor, then surely they could not be discontinued or dispensed with during considerable portions of the five years. Referring to the payment of taxes, the Supreme Court of California said:

"If it is an element in the adverse possession tending to show good faith, certainly during those years in which the taxes have not been paid the possession lacks an essential element required in the statute. During all the years in which the delinquency was allowed, the true owner might forbear suit because of his knowledge that the person in possession had not paid taxes, thereby indicating that he was not holding adversely." McDonald v. McCoy, 121 Cal. 73, 74, 53 Pac. 427.

No real break is allowed in either possession or registration, in acquiring title by limitation under the five-year statute. The same reasons which forbid a break in possession or in registration apply to forbid a break in tax payments. Converse v. Ringer, 6 Tex. Civ. App. 51, 24 S. W. 706.

It follows that the judgment of the district court, refusing to sustain the defense of five-year limitations as to an undivided half interest in the land, was correct.

It is therefore ordered that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the district court be affirmed.