**SCOGGINS et al. v. CURTISS &
TAYLOR et al.**

No. 11873.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 20, 1948.

Rehearing Denied Nov. 17, 1948.

Carter & Stiernberg, of Harlingen, and L. Hamilton Lowe, of Austin, for appellants.

Taylor,. Cox, Wagner & Adams, of Harlingen, and Kemp, Lewright, Dyer & Sorrell and Cecil D. Redford, all of Corpus Christi, for appellees.

MURRAY Justice.

This suit was instituted in the 107th District Court of Cameron County, Texas, by E. T. Scoggins, suing also as next friend of his two minor children, against Curtiss & Taylor, a partnership composed of S. Taylor and J. D. Curtiss, and William Richard Bridges, the driver of a semi-trailer banana truck, seeking to recover damages growing out of a collision between an automobile being driven by E. T. Scoggins and a truck owned by the defendants. The damages sought were for personal injuries suffered by E. T. Scoggins and the death of his wife, Mrs. E. T. Scoggins; also damages to his automobile. The collision occurred twelve miles north of Raymondville on the State highway leading to Kingsville. The cause was submitted to a jury upon special issues and upon the jury's answers judgment was rendered for the defendants.

From this judgment E. T. Scoggins and his children have prosecuted this appeal.

The principal question here raised is that of jury misconduct. At the hearing on the motion for a new trial much evidence was heard. At the request of appellants, the trial judge made and filed findings of fact and conclusions of law relating to the alleged jury misconduct.

In answer to the special issues submitted to the jury, the following findings had been made, to-wit:

"1. That it was possible for appellees' driver to have parked the truck and trailer off the paved portion of the highway prior to the accident, but that such failure was not negligence.

"2. That immediately before the collision, the appellees' truck and trailer were standing on the highway without lights; but that the failure to have lights burning on the truck and trailer immediately before the collision was not negligence.

"3. That the appellees did not fail to have a flare burning to the rear of the truck and trailer immediately before the collision.

"4. That the failure of the appellees to have an attendant stationed back of the truck-trailer immediately before the collision was not negligence.

"5. That the appellant Scoggins was driving his automobile at an excessive and dangerous rate of speed and that such was negligence and a proximate cause of the collision in question.

"6. That the appellant Scoggins was driving at such rate of speed that he could not stop his automobile within the range of his headlights and such was negligence and a proximate cause of the collision in question.

"7. That the failure of the appellant Scoggins to slow down his automobile while passing another vehicle about one-half to three-fourths of a mile from the point of the collision was not negligence.

"8. That the act of the appellant Scoggins in operating his automobile with his lights on low beam did not constitute negligence.

"9. That the appellant Scoggins did not fail to maintain a proper lookout.

"10. That the appellant Scoggins failed to have his vehicle under proper control at the time and place in question and such failure was negligence and a proximate cause of the collision in question.

"11. That the failure of the appellant Scoggins to turn his automobile to the left of appellees' vehicle was not negligence.

"12. That the collision in question was not the result of an unavoidable accident.

"13. In response to special issues inquiring as to damages sustained as a result of the death of Mrs. Effie Scoggins and injuries to E. T. Scoggins as the direct and proximate result of the negligence of the appellees, the jury answered 'None'."

It is thus seen that the jury absolved defendants of all acts of negligence inquired about and found the appellant E. T. Scoggins guilty of contributory negligence in three particulars.

The findings of fact and conclusions of law which were made by the trial judge at the request of appellants relating to the alleged misconduct of the jury are as follows:

"Findings of Fact

"1. The Court finds that after the jury had been selected and the pleadings had been read and part of the evidence had been introduced, and at the end of the first or second day of the trial, the jurors went to their respective homes for the night, and one juror, Ed Dvorak, a contractor who was clearing about 5,000 acres of land for James H. Calloway, had a conversation with James H. Calloway about such clearing. The Juror Dvorak knew that Calloway was a partner with the Plaintiff, E. T. Scoggins, in farming land on the Lincoln Ranch. The juror Dvorak disclosed to Calloway that he, Dvorak, was a juror in this case and Calloway at that time stated in substance to the juror, Dvorak, that E. T. Scoggins had insurance on both his wife and his car but that didn't bring back the life of his wife. The Court finds that the measure of damage to Plaintiff's automobile was not submitted to the jury.

"2. The Court finds that after the jury retired to consider its verdict and before any of the issues had been answered, the juror Oscar Bounds heard the Juror Pfeiffer say in substance that he considered the testimony of the witness Plaskett (a witness for Plaintiffs) was bribed testimony.

"3. The Court finds that at approximately 3:00 o'clock in the morning, when the lights were turned out for the first time in the jury room and when the juror Pfeiffer had moved into the toilet adjoining the jury room in order to complete his (Pfeiffer's) reading, and when another juror went into the toilet, the juror Bounds again heard the juror Pfeiffer remark in substance that he considered the testimony of the witness Plaskett to be bribed testimony.

"4. The Court finds that before any of the issues were answered by the jury, the juror Bounds heard the juror Ratliff state in substance that the Plaintiff E. T. Scoggins was not a poor man and had plenty and did not need any consideration out of this lawsuit. The Court finds that during the trial of the case, the Plaintiff E. T. Scoggins testified that he owned about 271 acres of land and was farming approximately 1800 acres; the Plaintiff E. T. Scoggins and other witnesses testified in substance that E. T. Scoggins was considered to be a large-scale farmer.

"5. The Court finds that after the juror Pfeiffer had stated, in the presence of the juror Bounds, that he considered the testimony of the witness Plaskett to be bribed testimony, the juror Pfeiffer then said he wasn't going to agree on anything that would be in favor of Mr. Scoggins.

"6. The Court finds the juror Gibson, while the jury was deliberating and before any issues had been answered, heard the juror Pfeiffer say in substance that he, Pfeiffer, felt that the witness Plaskett had been bribed and that he, Pfeiffer, would refuse to give any credence whatever to any testimony that the witness Plaskett might give.

"7. The Court finds that the juror Gibson heard one juror, in the deliberations in the jury room, state in substance that he had personal knowledge as to whether it was possible or impossible to get off the highway at the point where the accident happened and he knew it was impossible to get off the highway at this place.

"8. The Court finds that the juror Gibson and the other jurors voted that it was possible to get off of the highway at the place of the accident.

"9. The Court finds that although the jurors wanted to go to bed and did go to bed about midnight, the juror Pfeiffer, an elderly man, was unable to sleep and kept the lights on and read until 2:00 or 2:30 in the morning and then went to the restroom and read some more. Several jurors were

tired and angry and several of them got no sleep during the night.

"10. The Court finds that the jury retired to the jury room to consider its verdict about 3:00 P.M. During the first night, some of the jurors went to sleep at 11:00 or 12:00 o'clock; others at 2:00 or 3:00 o'clock, and others did not go to sleep at all. Some of the jurors became very angry at each other during the deliberations.

### "Conclusions of Law

"1. The Court concludes as a matter of law that no probable injury resulted to the Plaintiff from the information received by the juror Ed Dvorak, in the light of the entire record in this case, and that it was not prejudicial to the Plaintiff for the juror Dvorak to learn on the first or second day of the trial that the Plaintiff E. T. Scoggins carried life insurance on his wife, who was killed in the collision, and carried insurance on his automobile, which was damaged in the collision, since such information was not divulged by the juror Dvorak to any other juror and no issue was submitted to the jury on the question of damage to the automobile, and since the jury found contributory negligence on the part of the Plaintiff E. T. Scoggins on several issues, there being no showing that the information received by the juror Dvorak, in the light of the entire record, had any bearing whatever upon the jury's findings on issues of contributory negligence or any other issues.

"2. The Court concludes as a matter of law that the statement by the juror Pfeiffer to the effect that he considered the testimony of the witness Plaskett was bribed testimony and that he would refuse to give any credence whatever to any testimony the man might give is not such misconduct as to warrant a new trial.

"3. The Court concludes as a matter of law that the statement by the juror Ratliff in the presence of the other jurors that Scoggins had plenty and did not need anything is not such conduct as to warrant a new trial in the light of the evidence that the Plaintiff, E. T. Scoggins, owned 271 acres of farm land, was farming ap-

proximately 1800 acres of land, and was considered to be a large-scale farmer.

"4. The Court concludes as a matter of law, that there was not such misconduct of the jury during its deliberations as to warrant a new trial."

Neither the appellants nor the appellees have raised any point or points questioning the correctness of these findings of fact so we accept them as correct.

Appellants first contend that they should have been given a new trial, because one of the jurors stated in the presence of the others and in the hearing of the other jurors during their deliberations and before they reached a verdict, that one of appellants' witnesses had been bribed to testify as he did. The trial judge's finding on this matter was: "The juror Oscar Bounds heard the juror Pfeiffer say in substance that he considered the testimony of the witness Plackett (a witness for plaintiffs) was bribed testimony." We are not sure that there is a great deal of difference in the two statements, but we can only consider the statement set out by the trial judge in his findings. The matter of jury misconduct is now controlled by the provisions of Rule 327, Texas Rules Civil Procedure, which provides, in effect, that where material misconduct is proved a new trial will be granted, if it reasonably appears from the evidence, both on the hearing of the motion and the trial of the case and from the record as a whole, that injury probably resulted to the complaining party.

■ In Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462, 464, the Supreme Court, speaking through Justice Critz, placed the following construction upon Rule 327, to-wit:

"A reading of the above rule will disclose that its effect is to abolish the prior rule of reasonable doubt, and substitute therefor a rule which imposes upon the party asserting misconduct the burden not only of proving by a preponderance of the evidence that such misconduct occurred, but also of showing that such misconduct probably resulted in injury to him. If the evidence is conflicting on the question as to whether or not the misconduct actually

occurred, the decision of the trial court either way on that question should be accepted as final. When misconduct is established, the question of injury is one of law for the reviewing court. Under the above-quoted rule both the trial and reviewing courts have the right to view the matter in the light of the entire record. By the entire record we mean the evidence heard on the motion presenting misconduct, the evidence on the main trial, and any and all other parts of the record which may throw light on the question of injury. Of course, it is never permissible to allow a juror to preserve or destroy his verdict by testifying to the mental processes by which he reached the same, and this rule is not altered in the least by Rule 327, supra. Sproles Motor Freight Lines, Inc., v. Long, 140 Tex. 494, 168 S.W.2d 642."

Justice Critz might well have said that "when misconduct is established the question of injury is one of law for the trial court and then for the reviewing court." Prudential Fire Ins. Co. v. United Gas Corporation, 145 Tex. 257, 199 S.W.2d 767, and we understand that that was what he really intended.

■ It is the duty of the jurors to pass upon the credibility of the witnesses and the weight to be given their testimony, and in discussing such matters during their deliberations they are exercising their proper prerogative as jurors, and the only question here presented is whether or not the juror Pfeiffer went too far when he said that he considered the testimony of the witness Plaskett as being bribed testimony. There is nothing in the record to indicate that the witness Plaskett was a bribed witness, but if a juror in a proper discussion of the credibility of a witness takes an extreme and unreasonable view of such matter and expresses to the other jurors this extreme and unreasonable view, we are not prepared to say that it would constitute reversible error. It was the expression of an unreasonable mental attitude on the part of a juror concerning a matter which he was called upon to consider.

In De Leon v. Longoria, Tex.Civ.App., 4 S.W.2d 222, 224, it was held not to be reversible error for a juror to say, in an audible tone while a witness was testifying: "Why the hell doesn't he tell the truth; why does he wish to lie?"

In Dallas Ry. & Terminal Co. v. Burns, Tex.Civ.App., 60 S.W.2d 801, 804, it was held not to be reversible error for jurors during their discussion to express the belief that Negroes as a class are unworthy of belief, where most of the testimony in appellant's behalf was given by Negroes. The court said:

"The jurors are the exclusive judges of the credibility of the witnesses and the weight to be given their testimony. This being their prerogative, jurors, in the exercise thereof, cannot be justly regarded as guilty of misconduct. The discussion relative to the credibility of the Negro witnesses cannot be treated as misconduct."

■ In the case at bar the witness Plaskett had given testimony as to how long it would have taken him to have changed the two right rear tires on the trailer belonging to appellees. The driver of appellees' truck had left it parked upon the paved portion of the highway because it was raining and he did not regard it safe to attempt to pull off the paved highway with both tires on the right rear wheel flat. This testimony would have a bearing upon whether or not it was possible for the driver to have driven the truck off the paved portion of the highway and whether or not his failure to do so was negligence. Regardless of whether or not appellees' driver was guilty of negligence in not pulling off the pavement, the jury found E. T. Scoggins guilty of contributory negligence in three different particulars, barring his recovery, and it occurs to us that the remarks of the juror Pfeiffer, regarding the testimony of Plaskett could hardly have influenced the jury in passing upon the contributory negligence of appellant E. T. Scoggins and, even though the conduct of the juror Pfeiffer be regarded as material jury misconduct, we cannot say, as a matter of law, that appellants thereby suffered probable injury, in view of the finding of contributory negligence. Smith v. Travelers Insurance Co., Tex.Civ.App., 205 S.W.2d 432. We are of the opinion that appellants did not suffer

probable injury as a result of the remarks of the juror Pfeiffer.

■ Appellants next contend that a new trial should have been granted them because one Calloway stated to the juror Dvorak that Scoggins had insurance on his automobile and on the life of his wife, but that this could not bring back his wife. This remark was made to Dvorak after court had adjourned and the jury had separated. Dvorak never repeated this remark to the other jurors, but kept it to himself. This instance did not result in probable injury to appellants in view of the fact that appellees were acquitted of all alleged acts of negligence and appellant Scoggins was found guilty of three acts of contributory negligence. The question of the amount of recovery was not reached. We can understand how a jury might give a judgment for a lesser amount if they knew that a plaintiff was insured against the loss claimed by him, but we cannot understand why a jury would convict a plaintiff of three separate acts of contributory negligence because of such reason, or why they would find the defendant not guilty of original acts of negligence. In Hudson v. West Central Drilling Company, Inc., Tex. Civ.App., 195 S.W.2d 387, 390, the court said:

"Contributory negligence by the plaintiff, if established, provides an absolute defense to the defendant. 30 Tex.Jur. p. 657, Sec. 13; Andrews v. Mynier, Tex.Civ.App., 190 S.W. 1164; Farrand v. Houston & T. C. R. Co., Tex.Civ.App., 205 S.W. 845. So, in this appeal, unless it reasonably appears that the misconduct alleged probably influenced the answers to the issues as to appellant's contributory negligence, the trial court must be sustained in denying a new trial." See also: Yellow Cab Company of Galveston v. Word, Tex.Civ.App., 125 S.W.2d 1050; M. H. Wolfe and Company v. St. Louis Southwestern R. Co. of Texas, Tex.CivApp., 144 S.W. 347.

■ Appellants next contend they should have had a new trial because one juror remarked to the other jurors that E. T. Scoggins was not a poor man and had plenty and did not need any consideration out of this lawsuit. There was evidence in the record tending to show that E. T. Scoggins was a man of some wealth. Regardless of this, however, we do not think this remark influenced the jury in finding Scoggins guilty of contributory negligence barring his recovery in any event.

■ Appellants next contend that they should have had a new trial because one juror stated in the presence of at least one other juror that he had personal knowledge that at the point where the collision occurred it was impossible for the defendants' truck to get off the highway. The jury unanimously found that it was possible to take the truck off the highway. However, they did find that it was not negligence to fail to do so. Conceding that this remark may have influenced the jury in their finding that the driver of the truck was not negligent in taking the truck off the paved portion of the highway, but it could not have influenced the jury in finding the appellant Scoggins guilty of contributory negligence barring his recovery in any event.

■ Appellants next contend that even if each act of misconduct considered separately would not constitute reversible error entitling them to a new trial, that when all of these acts are considered collectively they do constitute such reversible error. For the reasons heretofore stated we overrule this contention.

Appellees present the contention that appellants having requested the trial judge to make the conclusions of law which he did make, to the effect that the alleged jury misconduct was not of such a nature as to justify the granting of a new trial, that the same amounted to invited error and appellants are now estopped to question such conclusions. We think this contention presents a serious question which we do not deem it necessary to here pass upon, because of the disposition we have already made of appellants' points.

■ Appellants' next point is directed to the failure of the trial court to keep the case open for several hours, after the testimony had been completed on behalf of both sides, so as to enable appellants to send two State Highway Patrolmen to inspect the highway for ten miles north of the scene of the collision and to come

back and testify in the event they found facts favorable to appellants. This was a matter addressed to the discretion of the trial judge and he did not abuse his discretion in refusing this request by appellants. Binford v. Snyder, 144 Tex. 134, 189 S.W.2d 471; Cross v. Texas Military College, Tex.Civ.App., 65 S.W.2d 794; Day v. Anderson, Tex.Civ.App., 62 S.W.2d 201.

 Appellants next assign error by reason of alleged improper argument to the jury by one of appellees' counsel. This point is without merit and is overruled. Oil Belt Power Co. v. Touchstone, Tex.Civ. App., 266 S.W. 432; Speer on Special Issues, p. 458, § 334.

The judgment is affirmed.