**UNITED SAVINGS ASSOCIATION OF TEXAS, Appellant,**

v.

**Jose G. VILLANUEVA and Dinora Villanueva, Appellees.**

No. 13–92–477–CV.

Court of Appeals of Texas, Corpus Christi.

May 5, 1994.

David Kithcart, Lisa L. Taylor, Johnson & Davis, Harlingen, for appellant.

Ruben Ramirez, Law Offices of Ruben Ramirez, L. Aron Pena, Law Offices of L. Aron Pena, Edinburg, for appellees.

Before SEERDEN, C.J., and GILBERTO HINOJOSA and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

United Savings sought a declaratory judgment to quiet title to property in McAllen and sued Jose and Dinora Villanueva for possession of the property and for fair market rental payments. The case was tried to the court. The court denied United Savings' request for declaratory relief thereby impliedly denying their other claims for relief. United Savings brings four points of error asserting 1) it possessed title to the property superior to any claim by the Villanuevas, 2) its right to possession of the property, and 3) its right to recover damages for lost rentals, and alternatively, 4) that the trial judge erred by failing to file findings of fact and conclusions of law. We reverse the trial court's judgment and remand for a new trial.

While United Savings by its petition asked for declaratory and injunctive relief it also properly alleged the elements of a trespass to try title action. See Tex.R.Civ.P. 783–809. We construe the pleadings as a trespass to try title action and a suit for possession.

On September 18, 1980, Ron Rock Enterprises, Inc. signed a promissory note to United Savings for sixty thousand dollars as a loan for construction of a house. To secure the note, Rock gave United Savings a Deed of Trust on Lot 22–A, Willow Trace Subdivision, Hidalgo County, the property involved in this suit. The Deed of Trust was filed for record on September 19, 1980, in the Official Records of Hidalgo County. United Savings and Rock renewed and extended the note by four different extension agreements—the last one executed December 18, 1982, with a due date of March 18, 1983. All extensions were recorded in the deed records.

Rock constructed a house on the property. Rock and the Villanuevas executed an earnest money contract dated July 25, 1981, for seventy thousand dollars for purchase of the property. This was after Rock executed and recorded the United Savings' Deed of Trust in the Hidalgo County deed records. Ron Rock served as escrow agent for the Villanuevas' earnest money. Later, the Villanuevas orally modified the agreement and agreed to pay Rock forty thousand dollars and finance the remaining thirty thousand dollars.

The Villanuevas applied for a loan at United Savings around July 1981, but were denied. Mr. Villanueva testified that he and Ron Rock discussed financing the house while in the lobby of the McAllen branch United Savings "in front of the lady there," a tall blonde lady Villanueva said was the manager of the United Savings branch.

Beverly Rose, the former manager of the McAllen United Savings branch, testified no one working at the branch at that time fit Mr. Villanueva's description. Rose also testified that Rock was not an employee or agent of United Savings, and had no authority to bind United Savings to waive its lien on the property. Additionally, she testified that United Savings never made any promises to the Villanuevas to release the lien if they bought the house from Rock. The Villanuevas moved into the house that Rock built on Lot 22–A. Mr. Villanueva testified that they paid Rock a total of between sixty-five and sixty-six thousand dollars for the property. The Villanuevas never received a deed or title to the property from Rock, they never recorded a deed or a contract for deed to the property, they have not paid any money to United Savings for the purchase or rental of the home, they never borrowed any money from United Savings, and they have never paid any property taxes on the property. United Savings has paid the ad valorem property tax since 1983 until present.

Rock defaulted on payments to United Savings and it posted the property for foreclosure pursuant to the Deed of Trust. After a foreclosure sale of the property, it was conveyed to United Savings by a Substitute Trustee's Deed on October 4, 1983, which was recorded October 21, 1983, in the Hidalgo county deed records.

United Savings sent a letter to the Villanuevas on October 26, 1983, notifying them that it had foreclosed on the property and advised them that they had seventy-two hours to vacate the premises. The Villanuevas received the letter but did not vacate the premises or allow United Savings to take possession of the property. The record before us reflects no other action by United Savings to secure possession of the property until it filed a petition in district court for declaratory relief, possession, and past rents on September 30, 1987. The Villanuevas responded with a general denial. Mr. Villanueva continues to reside at the property.

The Villanuevas did not plead or prove any irregularity in the foreclosure proceedings or any other reason for voiding the foreclosure sale. After trial to the court, the court denied any declaratory relief and impliedly denied United Savings' other claims for relief. The Villanuevas assert that the trial court, by invoking its equitable powers, ruled properly in their favor.

By point one, United Savings contends that it established, as a matter of law, superior title to the property than any claim to the property that the Villanuevas may have. Additionally, United Savings asserts that the trial court's finding is so against the great weight and preponderance of the evidence presented as to be manifestly unjust.

■ The plaintiff in a trespass to try title action must recover, if at all, on the strength of its own title and may not rely on the weakness of the defendant's title. *Wells v. Kansas Univ. Endowment Assoc.*, 825 S.W.2d 483, 486 (Tex.App.—Houston [1st Dist.] 1992, writ denied). It is the plaintiff's burden to establish superior title in itself by a preponderance of the evidence. *Id.* This burden can be shown by 1) title emanating from the sovereignty of the soil, 2) a superior title in itself emanating from a common source, 3) title by adverse possession, or 4) title by prior possession coupled with proof that possession has not been abandoned. *Id.* (citing *Land v. Turner*, 377 S.W.2d 181, 188 (Tex.1964)).

■ When a plaintiff establishes a prima facie case by proof of a common source,

the defendant may rebut the plaintiff's case by showing a prior conveyance by the common source to another person. *Id.* Generally, the older title emanating from a common source is better title and superior to others. *Id.* Upon a showing that the holder of the later title acquired it as a bona fide purchaser for value and without notice of an earlier existing interest, the later title will have priority over the earlier title. *Id.*

■ United Savings introduced the Substitute Trustee's Deed which conveyed the property to it by virtue of a deed of trust from Ron Rock before he executed the contract for sale with the Villanuevas. Thus, United Savings proved its title superior to the Villanuevas from a common source. *See Watkins v. Certain–Teed Prods. Corp.*, 231 S.W.2d 981, 984 (Tex.Civ.App.—Amarillo 1950, no writ). The Villanuevas did not claim that they were bona fide purchasers for value and were without notice. Additionally, the Villanuevas did not show that they held title emanating from a conveyance prior to the conveyance from Rock to United Savings.

Suzanne Scott, an independent licensed attorney specializing in real estate and land titles, testified that she conducted a title search of the real estate records related to the property and could not find deeds to any other persons or entities after the Substitute Trustee's Deed issued to United Savings dated October 4, 1983, and recorded October 21, 1983, nor could she find any contracts for deed to the Villanuevas recorded in the deed records. It was her opinion that title to the property vested in United Savings pursuant to the Substitute Trustee's Deed. United Savings, through the uncontroverted testimony of Scott, proved that there were no other deeds or conveyances of record covering the property after the recording of the Substitute Trustee's Deed, no contracts for deed to appellees, and the title to the property was vested in United Savings.

The adverse claim by the Villanuevas was evidenced by their asserted right to the property by virtue of the earnest money contract, payment of sixty-five or sixty-six thousand dollars to Rock, and Mr. Villanueva's refusal to vacate the premises after a proper demand. The Villanuevas' assertions

were such that a cloud was cast on United Savings's title, even though United Savings was not a party to the contract. *Murren v. Foster*, 674 S.W.2d 406, 409 (Tex.App.—Amarillo 1984, no writ).

The Statute of Conveyances requires that a conveyance of an estate in land must be in writing and must be subscribed and delivered by the conveyor of the real estate. Tex.Prop.Code Ann. § 5.021 (Vernon 1984). There was no evidence of a conveyance of the property to the Villanuevas. The Villanuevas neither pleaded nor proved any exception to the Statute of Conveyances. Additionally, the Villanuevas did not assert, plead, or prove that they acquired title to the property by limitations.

The evidence showed that the deed of trust lien on the property given by Rock to United Savings was filed and recorded in the official Hidalgo County records in September 1980. The earnest money contract between Rock and the Villanuevas relating to the property is dated July 25, 1981; more than ten months after the deed of trust in favor of United Savings was recorded. At the time the Villanuevas entered the earnest money contract with Rock, they were on constructive notice of the outstanding deed of trust lien on the property in favor of United Savings. Tex. Prop.Code Ann. § 13.002 (Vernon 1984).

■ Rock could not have conveyed the property to the Villanuevas free of the United Savings lien. If the Villanuevas obtained any interest in the property from Rock, such interest was subject to the prior, recorded deed of trust lien of United Savings. Foreclosure of the lien pursuant to the deed of trust divested the Villanuevas of any interest they may have had in the property. *Rogers v. Fielder*, 392 S.W.2d 797 (Tex.Civ.App.—Fort Worth 1965, writ ref'd n.r.e.).

We conclude that United Savings prevailed in proving as a matter of law that its title to the property was superior to any claim by the Villanuevas. We find no authority for the trial court to exercise its equitable powers in the manner it did. We sustain appellant's first point of error.

■ United Savings asserts that it is entitled to possession of the property. By its second point of error, United Savings complains that the trial court erred by failing to grant its request for an injunction ordering the Villanuevas to vacate the property because it had been dispossessed of its property by the Villanuevas. United Savings asserts that the trial court's refusal to grant the injunction was against the great weight and preponderance of the evidence and was manifestly unjust.

United Savings, having proved superior title to the Villanuevas is entitled to possession and an order to enforce its rights. We sustain point two.

■ By point three, United Savings claims that it is entitled to the rental value of the property from the Villanuevas during their unlawful possession of the property. They assert that they are entitled to rents for the period from November 1, 1983, until the date of judgment, April 15, 1992. United Savings presented uncontroverted testimony that the rental value for that period totaled $60,000.

■ The plaintiff in a trespass to try title suit, by pleading facts showing it is entitled, may recover rents and profits or damages incurred from loss of use. Tex.R.Civ.P. 783(f). The property code, however, limits the plaintiff's recovery and the defendant is not liable for the value of the use and occupation of the property for more than two years before the date a lawsuit is filed. Tex.Prop. Code Ann. § 22.021(d) (Vernon 1984). Because of this property code provision, the time period we consider relevant is November 1, 1985, two years before United Savings filed suit, through February 1992. We sustain United Savings' third point of error to the extent United Savings is entitled to recover rents and profits or damages incurred from loss of use.

We decline to address appellant's fourth point of error as it is unnecessary to the disposition of the case. Tex.R.App.P. 90(a).

■ Rule 81(b)(1) of the Texas Rules of Appellate Procedure provides in relevant part:

[I]f it appears to the court that the error affects a part only of the matter in controversy and that such part is clearly separa-

ble without unfairness to the parties, the judgment shall only be reversed and a new trial ordered as to that part affected by such error, *provided that a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested.*

Because liability issues were contested in the trial court, and because damages are unliquidated, we cannot remand as to damages only. Accordingly, the judgment is reversed and the entire case is remanded for a new trial.