TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00377-CV







Michael A. Jenkins and Helen Marie Jones Van Dyke, Appellants



v.



Nebraska Alexander; Lucille Rogers; Jeraline Thornton; Hallie B. Ward;

Willie L. Roach; Sam Clark; Evelina Lipscomb; Horace Nichols;

 James Nichols; Marie Jones; and Bessie Lee Hill, Appellees







FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT


NO. 21,431, HONORABLE FRED A. MOORE, JUDGE PRESIDING







PER CURIAM



 Appellants Michael A. Jenkins and Helen Marie Jones Van Dyke challenge the trial court's
judgment declaring void a deed Van Dyke had executed to Jenkins, and quieting title to the property
purportedly conveyed by the deed in favor of appellees Nebraska Alexander, Lucille Rogers, Jeraline
Thornton, Hallie B. Ward, Willie L. Roach, Sam Clark, Evelina Lipscomb, Horace Nichols, James Nichols,
Marie Jones, and Bessie Lee Hill. We will affirm in part and reverse in part the trial-court judgment.

Facts


 Evalena Jones inherited 6.53 acres that were originally part of a fifty-two acre tract. Later
in life, she lived with her husband, her step-daughter Van Dyke, and her grandson Jenkins. After her
husband's death in 1983, she executed a power of attorney appointing Van Dyke her attorney-in-fact. Van
Dyke, purporting to act under the power of attorney, executed a deed on August 6, 1987, that conveyed
title to the 6.53-acre tract to Jenkins. Evalena Jones died on February 23, 1989. Appellees, claiming to
be heirs of Evalena Jones, filed suit on October 4, 1994, seeking to declare the deed void and to quiet title
in their favor. (1)


Standard of Review


 Jenkins did not timely request findings of fact. In the absence of findings of fact, the
judgment implies all necessary findings of fact to support it provided that the implied findings are raised by
the pleadings and supported by the evidence. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990).
In considering whether the judgment and implied findings are supported by evidence, it is proper to
consider only the evidence favorable to the judgment and to disregard all contrary evidence. Id.; Austin
Area Teachers Fed. Credit Union v. First City Bank - Northwest Hills, N.A., 825 S.W.2d 795, 801
(Tex. App.--Austin 1992, writ denied). We will affirm the trial court's judgment if it can be upheld on any
legal theory supported by evidence. Worford, 801 S.W.2d at 109; In re W.E.R., 669 S.W.2d 716, 717
(Tex. 1984).

Analysis


 By point of error one, appellants complain that the trial court "erred by not construing the
power of attorney as a matter of law." Appellants argue that the power granted to Van Dyke was a general
power of attorney that gave her power to convey the property. The power of attorney read:


 I, Evalena Jones, County of Travis, State of Texas, do hereby designate and
appoint my daughter, Helen Marie Jones VanDyke, (2) as soon and as reasonably convenient
as possible authorize General Power of Attorney. I am the widow of Aaron Jones, Sr.,
who expired May 7, 1983, therefore directing all expenses incurred for her to
dispense with and overseeing the property listed.


 Volume 257, Pgs. 207-2, 6.53 acres described in the deed recorded in Volume
75, Pages 130-132, also Volume 33, Pages 447-449 Deed Records, Bastrop County,
Texas. . . . 



 A special agent is one empowered to perform only a particular task or a particular class
of work. Great Am. Casualty Co. v. Eichelberger, 37 S.W.2d 1050, 1052 (Tex. Civ. App.--Waco
1931, writ ref'd). A general agent is one "empowered to transact all the business of his principal of a
particular kind or in a particular place." First Nat'l Bank in Dallas v. Kinabarew, 589 S.W.2d 137, 145
(Tex. Civ. App.--Tyler 1979, writ ref'd n.r.e.). A general agent is not necessarily one with unlimited
powers but rather one with broad powers within a defined area. Id. Regardless whether Van Dyke was
a general or a special agent, the trial court could have concluded that the power of attorney did not confer
on her the power to convey the property.

 By statute, a conveyance must be in writing and subscribed and delivered by the conveyor
or by the conveyor's agent authorized in writing. See Tex. Prop. Code Ann.§ 5.021 (West 1984). In
this case, the scope of the power of attorney is far from clear. The construction of an ambiguous writing
is a question of fact. Harris v. Rowe, 593 S.W.2d 303, 306 (Tex. 1979).

 The trial court could have concluded that Jones authorized Van Dyke to oversee the
property listed. Jones's husband had just died; she was eighty-two years old and confused at times. It is
reasonable to conclude that Jones executed the power of attorney to allow Van Dyke to help her pay bills
and manage property. 

 To "oversee" is to "superintend" or to "supervise." Webster's Third International
Dictionary 1610 (Philip B. Gove, ed., 1986). A grant of authority to superintend is not equivalent to a grant
of authority to convey. See Green v. Hugo, 17 S.W. 79 (Tex. 1891) (resolution authorizing agent to
contract for sale of land did not authorize agent to convey land). (3)

 Further, the trial court could have decided that, even if the power of attorney could be read
to authorize the sale of property to settle debts, Evalena Jones owed no debt to Jenkins. Jenkins testified
that he had, over the years, made various improvements and repairs to the house in which Evalena Jones
and her husband lived. However, the house was Jones's husband's separate property, and, on his death,
passed to Van Dyke and her two brothers. Further, Jenkins and Van Dyke lived in the house, even after
Evalena Jones went to a nursing home in 1984. Finally, there was no evidence that Jenkins performed the
work with the expectation of pay. A deed executed for no consideration, when the power of attorney
grants only a conveyance for consideration, is void. Montgomery v. Nevins, 270 S.W.2d 427, 431 (Tex.
Civ. App.--Austin 1954, writ ref'd n.r.e.) (power of attorney authorizing agent power to sell property did
not authorize agent to give away property); Rogers v. Tompkins, 87 S.W. 379, 384 (Tex. Civ.
App.--San Antonio 1905, no writ) (power of attorney authorizing sale does not authorize conveyance for
no consideration) ; see also Hunter v. Eastham, 67 S.W. 1080, 1081 (Tex. Civ. App.--Houston 1902),
rev'd on other grounds, 69 S.W. 66 (Tex. 1902) (agent with authority to sell property must do so for
consideration that accrues to principal). We overrule point of error one.

 By point of error two, appellants complain that the trial court erred in declaring the deed
void because appellees did not present sufficient evidence "to establish their present right to possession." 
Appellees reply that they did not have to prove title since they sought only a cancellation of the deed
purporting to convey the property to Jenkins and a declaratory judgment in their favor. Appellees are
mistaken.

 Appellees brought their action as a suit for declaratory judgment under the Uniform
Declaratory Judgment Act, seeking a declaration that the deed was void and that they were the owners of
the property. See Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 1986). Such an action is not
available to them because (1) they have no rights under the deed to adjudicate pursuant to section 37.004,
and (2) a statutory trespass to try title action is the proper action by which to establish their right to the
property. 

 Section 37.004 provides that:


A person interested under a deed, will, written contract, or other writings constituting a
contract or whose rights, status or other legal relations are affected by a statute, municipal
ordinance, contract, or franchise may have determined any question of construction or
validity arising under the instrument, statute, ordinance, contract, or franchise and obtain
a declaration of rights, status, or other legal relations thereunder.



Id. (emphasis added). Appellees may not request a declaration of their rights under the deed since they
are not named in the deed.

 Further, Texas Property Code section 22.001 provides that a "trespass to try title action
is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code Ann. §
22.001 (West 1984). It is the exclusive remedy by which to resolve competing claims to property. See
Barfield v. Holland, 844 S.W.2d 759, 771 (Tex. App.--Tyler 1992, writ denied) (trial court erred by
awarding attorney's fees under declaratory judgment act when action was trespass to try title); Kennesaw
Life & Accident Ins. Co. v. Goss, 694 S.W.2d 115, 117-118 (Tex. App.--Houston [14th Dist.] 1985,
writ ref'd n.r.e.) (declaratory judgment act inappropriate vehicle to establish rights in property because
trespass to try title is only remedy); see also Yoast v. Yoast, 649 S.W.2d 289, 292 (Tex. 1983) (court
of appeals should have characterized suit disputing ownership of property as trespass to try title rather than
suit for partition). 

 In a trespass to try title action, plaintiffs must prove their own title to the property involved. 
Baumgarten v. Frost, 186 S.W.2d 982, 987 (Tex. 1945); United Savings Ass'n of Tex. v. Villanueva,
878 S.W.2d 619 (Tex. App.--Corpus Christi 1994, no writ); Socony Mobil Oil Corp. v. Belveal, 430
S.W.2d 529 (Tex. Civ. App.--El Paso 1968, writ ref'd n.r.e.), cert. denied 396 U.S. 825 (1969). It is
not enough to rely on the weakness of defendants' title. Villanueva, 878 S.W.2d at 622.

 Plaintiffs in this cause were Nebraska Alexander, Lucille Rogers, Jeraline Thornton, Hallie
B. Ward, Willie L. Roach, Sam Clark, Evelina Lipscomb, Horace Nichols, James Nichols, Marie Jones,
and Bessie Lee Hill. Nebraska Alexander's testimony established that Evalena Jones died leaving no
spouse or children, and that she, Jeraline Thornton, Hallie B. Ward,Willie L. Roach, Sam Clark, and
Evelina Lipscomb were Evalena Jones's heirs. However, no testimony was adduced regarding Evalena
Jones's relationship with Lucille Rogers, Horace Nichols, James Nichols, Marie Jones, or Bessie Lee Hill. 
Therefore, it was improper for the trial court to render judgment quieting title to the property in favor of
Lucille Rogers, Horace Nichols, James Nichols, Marie Jones, and Bessie Lee Hill. Point of error two is
sustained.

 By point of error three, appellants challenge whether the suit was brought in the proper
venue. Appellants waived their right to challenge venue by failing to file a motion to transfer. Appellants
may not raise improper venue for the first time on appeal. See Gentry v. Tucker, 891 S.W.2d 766, 768
(Tex. App.--Texarkana 1995, no writ). We overrule point of error three.

 By point of error four, appellants complain that the trial court erred in failing to conclude
that appellees' suit was barred by limitations. In their answer, appellants pled that Texas Civil Practice and
Remedies Code sections 16.024 and 16.025 precluded the suit. Tex. Civ. Prac. & Rem. Code §§
16.024-.025 (West 1986). Both sections 16.024 and 16.025 limit the time in which one can bring suit to
recover real property held by one who is adversely possessing the property.

 Section 16.024 provides that a "person must bring suit to recover real property held by
another in peaceable and adverse possession under title or color of title not later than three years after the
day the cause of action accrues." "Color of title" means a consecutive chain of transfers to the person in
possession that "is not regular because of a muniment that is not properly recorded or is only in writing or
because of a similar defect that does not want of intrinsic fairness or honesty." Id., § 16.021(2) (West
1986). A purported conveyance by one without authority to convey is void. Slaughter v. Qualls, 162
S.W.2d 671, 675 (Tex. 1942) (deed obtained from trustee who sold property without authority to do so
is void); Stark v. Stefka, 491 S.W.2d 757, 759 (Tex. Civ. App.--Austin 1973, no writ) (sheriff's deed
void unless executed with authority). A void deed does not confer color of title sufficient to invoke the
protection of the three-year statute of limitations. Green, 17 S.W. at 80; Field Measurement Service, Inc.
v. Ives, 609 S.W.2d 615, 620 (Tex. App.--Corpus Christi 1980, writ ref'd n.r.e.) (void deed is not
"color of title" for purposes of three-year statute of limitations); Watson v. Watson, 55 S.W. 183, 183 
(Tex. Civ. App. 1900, no writ) (deed of homestead executed solely by husband does not constitute color
of title). We hold that the deed Van Dyke executed to Jenkins does not constitute "color of title" such that
Jenkins may invoke the three-year statute of limitations.

 Section 16.025 provides that:


(a) A person must bring suit not later than five years after the day the cause of action
accrues to recover real property held in peaceable and adverse possession by
another who:


 (1) cultivates, uses, or enjoys the property;

 (2) pays applicable taxes on the property; and

 (3) claims the property under a duly registered deed.


(b) This section does not apply to a claim based on a forged deed or a deed executed
under a forged power of attorney.



 A plaintiff claiming the benefit of the five-year statute of limitations must pay taxes due on
the property before they are delinquent. Baker v. Fogle, 217 S.W. 141, 143 (Tex. 1919), modified by
219 S.W.2d 450 (Tex. 1920) (timely payment required to show good faith and give notice to true owner);
Radford v. Garza, 586 S.W.2d 656, 660 (Tex. Civ. App.--Corpus Christi 1979, no writ) (must pay
taxes before delinquent); Keels v. Keels, 427 S.W.2d 913, 917 (Tex. Civ. App.--Tyler 1968, no writ)
(failure to pay fifth year's taxes before they were delinquent prevented appellees from establishing title by
five-year limitations period). Jenkins paid 1990 and 1991 taxes to Bastrop Independent School District
in 1993. He paid 1992 and 1993 taxes the week before the March 10, 1995 trial date, and 1994 taxes
on the day of trial. Under Baker v. Fogle, he is not entitled to claim ownership under the five-year statute
of limitations. (4)

 Moreover, Jenkins' use of the property was not sufficient to invoke the protection of the
five-year statute of limitations. To adversely possess land, a trespasser must take exclusive possession
sufficiently adverse to put the owner on notice of the trespass claim. Sun Operating Ltd. Partnership v.
Oatman, 911 S.W.2d 749, 757 (Tex. App.--San Antonio 1995, writ denied). Jenkins did not enclose
the property; it was never separated by fence from the rest of the fifty-two acre tract belonging to Evalena
Jones's siblings. He never lived on it, ran cattle on it, or farmed or cultivated it. We overrule point of error
four.

 We affirm the trial court's determination that the deed purporting to convey the property
to Jenkins is void and that Jenkins may not claim title on the basis of the statute of limitations. However,
we reverse the portion of the trial court's judgment quieting title in appellees. And, in the interest of justice,
we remand that portion of the cause to the trial court to hear evidence and determine the persons taking
the property through Evalena Jones. United States Fire Ins. Co. v. Carter, 473 S.W.2d 2, 3 (Tex.
1971); ICM Mortgage Corp. v. Jacob, 902 S.W.2d 527 (Tex. App.--El Paso 1994, writ denied)
(remand especially appropriate when party proceeded under wrong legal theory); Stark, 491 S.W.2d at
759 (remand to allow plaintiff in trespass to try title action to prove title in himself).



Before Justices Powers, Aboussie and Jones

Affirmed in Part; Reversed and Remanded in Part

Filed: May 1, 1997

Do Not Publish
1. Appellants filed documents in a supplemental transcript indicating there was an earlier judicial
proceeding regarding ownership of the disputed acreage. However, we may not consider the documents
because they were not introduced into evidence in the trial court. Victory v. State, 158 S.W.2d 760, 763
(Tex. 1942).
2. Evalena Jones referred to Helen Marie Jones Van Dyke, who was her step-daughter, as her
daughter.
3. Kinabarew, upon which appellants rely, is not on point. The issue in Kinabarew was whether
a power of attorney that clearly gave the power to convey included the power to convey to settle a debt. 

4. For purposes of the five-year limitations period, we need not consider that he moved a house
onto the property in September 1991, because appellees filed suit on October 4, 1994, only three years
later. 


 Section 16.025 provides that:


(a) A person must bring suit not later than five years after the day the cause of action
accrues to recover real property held in peaceable and adverse possession by
another who:


 (1) cultivates, uses, or enjoys the property;

 (2) pays applicable taxes on the property; and

 (3) claims the property under a duly registered deed.


(b) This section does not apply to a claim based on a forged deed or a deed executed
under a forged power of attorney.



 A plaintiff claiming the benefit of the five-year statute of limitations must pay taxes due on
the property before they are delinquent. Baker v. Fogle, 217 S.W. 141, 143 (Tex. 1919), modified by
219 S.W.2d 450 (Tex. 1920) (timely payment required to show good faith and give notice to true owner);
Radford v. Garza, 586 S.W.2d 656, 660 (Tex. Civ. App.--Corpus Christi 1979, no writ) (must pay
taxes before delinquent); Keels v. Keels, 427 S.W.2d 913, 917 (Tex. Civ. App.--Tyler 1968, no writ)
(failure to pay fifth year's taxes before they were delinquent prevented appellees from establishing title by
five-year limitations period). Jenkins paid 1990 and 1991 taxes to Bastrop Independent School District
in 1993. He paid 1992 and 1993 taxes the week before the March 10, 1995 trial date, and 1994 taxes
on the day of trial. Under Baker v. Fogle, he is not entitled to claim ownership under the five-year statute
of limitations. (4)

 Moreover, Jenkins' use of the property was not sufficient to invoke the protection of the
five-year statute of limitations. To adversely possess land, a trespasser must take exclusive possession
sufficiently adverse to put the owner on notice of the trespass claim. Sun Operating Ltd. Partnership v.
Oatman, 911 S.W.2d 749, 757 (Tex. App.--San Antonio 1995, writ denied). Jenkins did not enclose
the property; it was never separated by fence from the rest of the fifty-two acre tract belonging to Evalena
Jones's siblings. He never lived on it, ran cattle on it, or farmed or cultivated it. We overrule point of error
four.

 We affirm the trial court's determination that the deed purporting to convey the property
to Jenkins is void and that Jenkins may not claim title on the basis of the statute of limitations. However,
we reverse the portion of the trial court's judgment quieting title in appellees. And, in the interest of justice,
we remand that portion of the cause to the trial court to hear evidence and determine the persons taking
the property through Evalena Jones. United States Fire Ins. Co. v. Carter, 473 S.W.2d 2, 3 (Tex.
1971); ICM Mortgage Corp. v. Jacob, 902 S.W.2d 527 (Tex. App.--El Paso 1994, writ denied)
(remand especially appropriate when party proceeded under wrong l