## JUCK v. FEWELL et al.

### (Circuit Court, W. D. Texas, El Paso Division. October 28, 1889.)[1]

**1. LIMITATION OF ACTIONS—ADVERSE POSSESSION—PAYMENT OF TAXES.**
    Rev. St. Tex. art. 3193, provides that no suit shall be brought to recover land after five years against any person having peaceable adverse possession thereof, cultivating, using, or enjoying the same, "and paying taxes thereon, if any," and claiming under a deed duly registered. *Held*, that the claim of one having such possession is not defeated by his failure to pay taxes for the year in which the five years expire, where the taxes are not yet due at the date of the expiration.

**2. SAME.**
    Failure to pay taxes by one claiming land by such adverse possession after the five years have expired cannot affect his title, since all right of action against him is then barred.

At Law. Trespass to try title.
*Teel, Merchant & Wilcox*, for plaintiff.
*Davis, Beall & Kemp, Nugent & Stanton*, and *Brack & Neill*, for defendants.

MAXEY, J., (*charging the jury*.) This suit of trespass to try title was originally brought by Mrs. Ida Juck and her children against W. J. Fewell, M. J. McKelligan, James P. Hague, S. G. Cowdry, O. T. Bassett, and Simon Kinsella to recover lot No. 35, block 6, situated in the city of El Paso. At a former day of the present term, and during the trial of this cause, the court permitted the children of Mrs. Juck to take

---

[1]Publication delayed by failure to receive copy.

a nonsuit, and the suit now stands in the name of Mrs. Juck as sole plaintiff against the defendants above named. Among other defenses, all of the defendants rely upon the statute of limitations of five years as a bar to the plaintiff's right of recovery. In suits of this character it is incumbent upon the plaintiff to recover upon the strength of her own title. In this case Mrs. Juck has exhibited a legal title to herself to the property in controversy, which would be sufficient to authorize a recovery on her part, unless the defendants' pleas of limitation defeat her. Under the laws of this state, "a party claiming land under the limitation of five years must have peaceable and adverse possession thereof, cultivating, using, or enjoying the same, and paying taxes thereon, if any, and claiming under a deed or deeds duly registered." *Cantagrel* v. *Von Lupin*, 58 Tex. 577. The testimony is perfectly clear that the defendants Fewell, McKelligan, Cowdry, Bassett, and Kinsella are, beyond controversy, protected by the five-years statute of limitations, and hence are entitled to a verdict at your hands.

The real difficulty in the case arises out of the defense interposed by Hague; and that is one of law, rather than of fact, as the testimony leaves no doubt touching the facts proven. The question is one of construction of the statute, which reads as follows:

"Every suit to be instituted to recover real estate, as against any person having peaceable and adverse possession thereof, cultivating, using, or enjoying the same, and paying taxes thereon, if any, and claiming under a deed or deeds duly registered, shall be instituted within five years next after the cause of action shall have accrued, and not afterwards." Rev. St. Tex. art. 3193.

The facts proven are as follows: (1) The plaintiff, who is styled Mrs. Juck in her pleadings, after the death of her first husband, Albert Juck, intermarried with Charles Pohl on September 5, 1873, and that marriage was dissolved by a decree of divorce duly rendered on the 10th day of February, 1882. (2) The original petition in this cause was filed April 13, 1888. (3) Hague's possession of the property claimed by him certainly began in the latter part of 1881, and probably at a much earlier date, and has continued to the present time. (4) Hague holds title to the property by duly-registered deeds, and he has paid the taxes due thereon for the years 1882, 1883, 1884, 1885, and 1886. Mrs. Pohl's disability of coverture having been removed by the decree of divorce on the 10th of February, 1882, and Hague being at that time in possession of the property, her cause of action then accrued, the statute of limitations was set in motion, and she had five years thereafter within which to bring the suit, or until the 9th day of February, 1887; and if the defendant, at that time, had been in possession five years, under deeds duly registered, coupled with the payment of all taxes due on the property, the plaintiff's right of action would have been barred, and the title divested out of her, under the terms of article 3196 of Revised Statutes of the state. That article of the statutes provides:

"Whenever, in any case, the action of a person for the recovery of real estate, is barred by any of the provisions of this chapter, the person having such

peaceable and adverse possession shall be held to have full title, precluding all claims."

It is not denied by the plaintiff that Hague had been in possession for the full statutory period, nor that he claimed title under deeds duly registered. But it is insisted that the proof should disclose the payment of taxes for that portion of the year 1887 ending with February 9th, in order to make the payment of taxes complete and effectual as a bar. The statute contemplates the payment of such taxes as were due and could have been paid. On the 9th February, 1887, the taxes for that year, under the laws of the state, were not due, nor could they have been paid until a much later period of the year. Hague had paid at that date all taxes which were due and payable, to-wit, for the years 1882, 1883, 1884, 1885, and 1886; and I must therefore hold that he had fully complied with the law in reference to the payment of taxes, and that he became invested with full title at that date. His subsequent laches in failing to pay the taxes would not inure to the benefit of plaintiff, for her right of action was debarred. See *Spofford* v. *Bennett*, 55 Tex. 293. Reference is also made to the case of *Cantagrel* v. *Von Lupin*, 58 Tex. 576, in support of the views here expressed. The facts in the *Cantagrel Case* are quite similar to those involved in this suit. The law of the case, as applied to the facts, being adverse to the plaintiff, it is my duty, gentlemen of the jury, to instruct you to find a verdict in favor of the defendants.

NOTE BY THE COURT. Upon reading the above charge, the plaintiff moved for a nonsuit, which was granted.