### WEST LUMBER CO. v. SANDERS.
### (No. 604.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 22, 1920. Rehearing Denied Dec. 1, 1920.)

1. **Landlord and tenant** ⚙➤66(2) — **Possession by tenant and successors not adverse, in absence of repudiation of tenancy.**

Possession of a tenant at will, or those holding under or through him, is not adverse to the owner, in the absence of notice to such owner of a repudiation of the tenancy contract or of an adverse claim to the land.

2. **Landlord and tenant** ⚙➤66(1)—**Defendant, who entered premises vacated by tenant at will, held not to hold adversely.**

In trespass to try title, a defendant who purchased a house and fence rails owned by a tenant at will, who had vacated the premises, and entered into possession of such house and the premises without change in the improvements or the portion of the property used, without notice from such tenant at will, or any one else, to the owner of an intention to claim the land adversely to the owner, was also a tenant at will, and his possession was not adverse to the owner.

Appeal from District Court, Polk County; J. L. Manry, Judge.

Action by the West Lumber Company against Pete Sanders and others. From judgment in favor of the named defendant, the plaintiff appeals. Reversed and rendered.

Feagin, German & Feagin, of Livingston, for appellant.

Campbell & Murphy, of Livingston, for appellee.

HIGHTOWER, C. J. The appellant, West Lumber Company, in its brief, makes the following statement, showing the nature and result of this suit below, the correctness of which is acquiesced in by the appellee, Sanders:

"This suit was filed October 23, 1916, against L. H. Placker, E. C. Placker, Bertie Placker, and J. A. Walker, being in the usual form of trespass to try title. On May 17, 1919, plaintiff filed its first amended original petition making Pete Sanders a party defendant, and, in addition to the usual allegations of trespass to try title, alleged that Pete Sanders was in possession of the land under and by virtue of a lease contract made by J. W. Kent to plaintiff's grantor May 18, 1911; that there had never been any repudiation of this tenancy contract, and that the defendant was estopped to deny plaintiff's title to the land, and set up adverse possession thereto. By answer filed January 5, 1920, L. H. Placker, E. C. Placker, Bertie Placker, and J. A. Walker entered a disclaimer, and judgment was thereupon entered in favor of the plaintiff against them on their said disclaimer. Defendant Pete Sanders answered by general denial and plea of not guilty and especially denied that he was in possession of the land under and by virtue of a tenancy contract executed by J. W. Kent. He also pleaded title to the 111 acres of land by reason of the 10-year statute of limitation."

The case was submitted to the court as an agreed case under the statute, and resulted in a judgment in favor of the defendant Pete Sanders for the 111 acres of land in controversy, and from that judgment this appeal is prosecuted.

The agreed statement of facts upon which the case was tried is as follows:

"We, the West Lumber Company, plaintiff, and L. H. Placker, E. C. Placker and wife, Bertie Placker, J. A. Walker and wife, Mrs. J. A. Walker, and Pete Sanders, defendants, being all the parties to this suit, hereby agree that the following is a true and correct statement of all the facts in this cause:

"First. That the plaintiff owns the record

title to the 111 acres of land described in its petition, being part of a larger tract out of the L. T. Hampton league, and is entitled to recover the same, unless the defendants have acquired title to same under the statutes of limitation.

"Second. That the plaintiff, West Lumber Company, holds title to said land by regular conveyances from Camilla G. Davis, independent executrix and legatee under the will of George W. Davis, deceased.

Third. That on the 18th day of May, 1900, J. W. Kent, who was at said time residing on and cultivating about 13 acres on the L. T. Hampton league, the same being a portion of the 111 acres of land described in plaintiff's pleadings, on said date executed in favor of Camilla G. Davis, as independent executrix and legatee under the will of George W. Davis, the following tenancy contract, to wit: 'The State of Texas, County of Polk. Know all men by these presents; that I, J. W. Kent, of the county of Polk, state aforesaid, in consideration of the use and benefit accruing to me, from living on, cultivating and enjoying a portion of the L. T. Hampton league of land in Polk county, Texas, do hereby bind and obligate myself to pay to Mrs. C. Davis, administratrix of the estate of G. W. Davis, deceased, which administration is pending in Dallas, Dallas county, Texas, and of which estate the L. T. Hampton league forms a part, the sum of $5.-00 per annum as rental, and I further bind and obligate myself as a part consideration for the use of said land to look after the interest of said estate and to promptly report to said Mrs. C. Davis, or her agent, any trespass committed by any and all persons upon either the land or the timber of the L. T. Hampton league. Witness my hand this the 18th day of May, A. D. 1900. J. W. Kent. Witnesses: D. McCardell. D. Vinson.' Which acknowledgment of tenancy was never filed for record. That the said J. W. Kent owned the house situated on said land and the rails used to inclose the field that he so cultivated, but did not assert or claim any interest in said land. That he continued to reside thereon until the early part of July, 1900, at which time the said J. W. Kent moved off said premises leaving the same vacant.

"Fourth. That in September, 1900, the said J. W. Kent, who was the owner of the house and rails situated on said land, for a cash consideration of $75 sold said house and rails to L. H. Placker, but did not sell or convey any right or interest in said land; that said house and rails were of the reasonable value of $75.

"Fifth. That in December, 1900, the said L. H. Placker surveyed 111 acres of land on the L. T. Hampton league to include the 13 acres of land on which said house and rails were situated, and immediately after making said survey asserted a claim thereto, and took possession of said land by tenant. That by his said tenant he used, cultivated, enjoyed, and claimed the same until the 1st day of January, 1902, at which time he sold and conveyed said 111 acres of land to E. C. Placker. That the conveyance made by L. H. Placker to E. C. Placker was never placed of record.

"Sixth. That the said E. C. Placker used, occupied, cultivated, and claimed said 111 acres of land, by himself or through his tenants, continuously until about the 1st day of December, 1911.

"Seventh. That the only improvements on said 111 acres of land consisted of the house and rail sold by the said J. W. Kent to L. H. Placker and the 13 acres of cultivated land; that the tenants of the said L. H. Placker and the defendant E. C. Placker, together with his tenants, each, while occupying said land, resided in said house, and used and cultivated the 13 acres of land formerly occupied by J. W. Kent, and the same land formerly cultivated by the said J. W. Kent.

"Eighth. That by general warranty deed, dated December 23, 1915, the said E. C. Placker and wife, Bertie, conveyed said 111 acres of land to defendant J. A. Walker, which was filed for record December 23, 1916. That this suit was filed October 23, 1916, and citation was served on defendant November 8, 1916. That by general warranty deed dated February 21, 1919, defendant J. A. Walker and wife, Mattie Walker, conveyed said land to defendant Pete Sanders, said deed being filed for record March 1, 1919. That at the time Pete Sanders purchased said land he had knowledge that this suit was pending.

"Ninth. That defendants have had such possession of said 111 acres of land as will make good title under the 10-year statute of limitation unless such limitation title is defeated by reason of the acknowledgment of tenancy above set out from J. W. Kent to Camilla G. Davis. That the said J. W. Kent never at any time gave the West Lumber Company, nor any of the parties under whom it claims, any notice of abandonment of said lease or repudiation of said tenancy, nor have the defendants, nor any of them, ever given the West Lumber Company, nor any one under whom it claims, any actual notice of any adverse claim to said land, the possession of said land by the different parties and the recording of the deed from E. C. Placker to J. A. Walker, December 23, 1915, being the only notice of any adverse claim.

"We also agree to submit this case as an agreed case under the provisions of the statute, and that it may be determined accordingly."

[1] Appellant submits the case in this court upon one assignment of error, which itself is adopted as a proposition, and is as follows:

"The court erred in rendering judgment in favor of Pete Sanders for the 111 acres of land in controversy, such judgment being contrary to the law of the case, because the agreed statement herein upon which trial was had shows that defendant Pete Sanders succeeded to possession of the land in controversy under the tenancy contract executed by J. W. Kent, and that there was never any repudiation of said tenancy contract by the said J. W. Kent. or any one under whom defendant Sanders claimed, and plaintiff and those under whom it claims never had any notice of a repudiation of said tenancy contract, or any adverse claim to the land in controversy; and therefore the possession of those under whom defendant Sanders claimed could never be adverse to plaintiff's title, and the defendant Sanders was estopped to deny plaintiff's title to the land in controversy."

It cannot be doubted that the above proposition announces a well-established rule of law in this state, and, indeed, its soundness as an abstract legal proposition is not questioned by the appellee here, but it is contended by the counsel for the appellee that the proposition, as a whole, is not applicable to the facts in this case, shown by the agreement between the parties. That appellee's contention may be fully shown, we copy the counter proposition made by his counsel:

"By the agreed statement upon which this case was submitted it is shown that L. H. Placker, under whom appellee claims, did not acquire possession from appellant's tenant, J. W. Kent, of said 111 acres of land, the only transaction between L. H. Placker and J. W. Kent being the sale by J. W. Kent to L. H. Placker of a house and rails owned by Kent, in Setember, 1900, which were situated on a portion of the 111 acres, of land as surveyed by L. H. Placker in December, 1900, the sale of which, being personal property, did not convey any rights or interest in the land on which it was situated, and the purchaser was in no way estopped to enter and assert a claim thereto."

The agreement which we have copied above shows clearly that appellant, West Lumber Company, is the owner of the land in controversy, and should have had judgment therefor unless defeated by the plea of 10-year limitation interposed by defendant Sanders. It is also clear from the agreement that J. W. Kent was the tenant at will of appellant's vendor, and was in possession for appellant at the time he sold to Placker the improvements on the premises; that is, the house and rails on the land. The agreement further shows that appellant had no notice whatever of such sale by Kent or any notice of any intention on his part, if there was such, to repudiate his contract of tenancy, and further shows that none of the parties succeeding to the possession of the premises gave any notice to appellant's vendor or to appellant of any intention on their part to claim any part of the land adversely. Now, the only contention that the appellee makes to support the judgment is, in effect, that because Kent, the tenant at will, when he sold to Placker the improvements on the land, did not convey, or attempt to convey, any part of the land itself, and since the house and rails constituted only personal property, they being admittedly owned by Kent, the rule which prohibits the tenant or those succeeding to the possession under him from disputing the title of the true owner does not apply in this case, because the possession of the land itself was not procured from the tenant Kent.

[2] The agreement of the parties, as shown above, shows, unquestionably, that in legal contemplation and effect the possession of the premises in controversy was acquired by L. H. Placker from the tenant at will, J. W. Kent, notwithstanding the fact that the tenant, Kent, purported to convey to Placker the house and rails only, which were situated upon the 13 acres of improved land. It can make no difference what the purpose or intentions of the parties to this transaction may have been; whatever they were they were secret and not disclosed to appellant, or its predecessor in title, and when Placker and those following him took possession of the land in controversy, which possession was in no manner changed—that is to say, it was the same house, same improvements in every particular, no additional land inclosed —that possession, in legal contemplation, remained the same as when held by J. W. Kent, in the absence of any notice on the part of those succeeding to the possession under him of an intention to claim the land adversely to appellant or its predecessor in title. Under the admitted facts in this case, the law fixed the status of those succeeding Kent, and that status was that of tenant at will. We feel so sure of the correctness of our conclusion on this point that we shall not enter into any discussion of the authorities, but merely cite the following: Buford v. Wasson, 49 Tex. Civ. App. 454, 109 S. W. 278; Cobb v. Robertson, 99 Tex. 145, 86 S. W. 746, 87 S. W. 1148, 122 Am. St. Rep. 609; Werts' Heirs v. Vick, 203 S. W. 63; Richardson v. Houston Oil Co., 176 S. W. 628; Udell v. Peak, 70 Tex. 547, 7 S. W. 786; Railway v. Littlejohn (D. C.) 198 Fed. 700; Zeller v. Eckert, 4 How. 289, 11 L. Ed. 979.

According to the rule of law as announced in these cases, the judgment of the trial court should have been in favor of the appellant for all the land sued for, and the refusal of such judgment was clearly error. We do not regard any of the authorities cited by counsel for appellee as having any relevancy to the question here under consideration. The judgment of the trial court should be reversed and here rendered in favor of appellant for all the land sued for, which will be accordingly done. This, however, is without prejudice to any right that might be claimed or asserted by the appellee to the house and rails admittedly owned by him.