## GERIES v. MAGNESS et al.
### No. 3438.

Court of Civil Appeals of Texas. Amarillo. July 2, 1930.

Rehearing Denied Sept. 10, 1930.

H. D. Payne, of Floydada, for appellant.

Kimbrough & Boyce, of Amarillo, for appellees.

RANDOLPH, J.

It is agreed between the parties that this suit in trespass to try title was filed by D. Magness, Mary S. Magness, and George .W. Magness, as plaintiffs, on July 7, 1928, in the district court of Parmer county, Tex., against H. Geries, as defendant, to recover of said defendant a strip of land 97 feet wide off of the east side of the west one-half of section 33, block Z, W. D. & F. W. Johnson subdivision of land in Parmer and Bailey counties, Tex.

It is also agreed that the plaintiffs have a record chain of title by regular transfers from the sovereignty of the soil to the west one-half of said section of land, and that the defendant has the same character of title to the east one-half of said section. The only contest in this cause is the contest between the parties as to the 97-foot strip running along the east line of the west one-half of said section, because of the defendant's assertion of title by limitation to said 97-foot strip.

It is admitted by both parties in the oral arguments and briefs that the defendant's limitation was complete and would vest title to said strip in him unless such limitation was defeated by the acceptance of a lease from the predecessors in plaintiffs' title to the defendant, which covered the whole of the west one-half.

The trustees for the Capital Land Syndicate, on the 28th day of March, 1918, executed a lease to the west one-half of the section of land in controversy to the defendant Geries, leasing to him the said one-half section for a period of three years beginning May 1, 1918, and ending on the 30th day of April, 1921. The advance consideration named in the lease was paid by the defendant to said trustees. The defendant contends that later the lease was canceled and his money returned to him because of the sale of the land by the lessors, who were then the owners of the land, to another party; such land having been leased to him subject to sale. This contention cannot be sustained. The defendant's possession, together with that of his predecessors in the title to the east one-half, began in May, 1915. This lease, as shown above, was executed and accepted by the defendant in the month of March, 1918. In order to complete the ten-year period of limitation, the defendant must have had and held continued possession, without interruption and with assertion of title in himself, from the 18th day of March, 1921, the ending of the period of the term of the lease, until the 18th of March, 1931. As this suit was filed July 7, 1928, the ten-year period had not expired at the time the suit was filed for the following reason: It does not matter that the three-year lease had been canceled or set aside by reason of the sale of the land. There had been an express renunciation of the right to possession hostile to the claim of the owner, when the defendant accepted the lease. Defendant's possession of the strip, if hostile before that time, was, as against the owners, abandoned when the defendant accepted the lease and became the tenant of the owners, and there is nothing in the record to show a reassertion of the hostile claim after the expiration of the term of the lease.

Having admitted his possession as tenant of the plaintiffs' predecessors in title, and there being in the record no repudiation of such tenancy, no presumption can be indulged that the defendant was claiming such possession adverse to the true owner.

"Having once held in subordination and recognition of the real title, he could not make it a hostile holding without a repudiation of the title, evidenced by acts or declarations clearly manifesting that intention. When such repudiation occurred, or how it occurred, the evidence does not inform us." Mhoon v. Cain, 77 Tex. 317, 318, 14 S. W. 24, 25.

The acceptance of the lease was such an acknowledgment of the real owner's title as

against any claim of adverse possession that "a single lisp of acknowledgment" by the defendant is fatal to his claim that the possession he held was adverse to the owner. Texas Western Ry. Co. v. Wilson, 83 Tex. 157, 18 S. W. 325, 326.

We think, under the facts and law of the case, that the judgment of the trial court was correct, and we affirm such judgment.