Lucille KEELS, Individually and as Administratrix of the Estate of E. R. Keels, Deceased, Appellant,

v.

Willie KEELS et al., Appellees.

No. 344.

Court of Civil Appeals of Texas.

Tyler.

April 18, 1968.

Sallas, Griffith & Meriwether, Gus E. Meriwether, Crockett, for appellant.

Tillman, Pribilski & Hunt, James R. Hunt, Houston, Adams, Granberry & Hines, F. P. Granberry, Crockett, for appellees.

DUNAGAN, Chief Justice.

Appellant, who was plaintiff below, on February 20, 1964, filed this suit in trespass to try title and to remove cloud from her title to a 22.2 acre tract of land in Houston County, Texas, which is described in Defendants' First Amended Answer. Appellant sued in the dual capacity of an individual and as Administratrix of the Estate of E. R. Keels, deceased. Defendants

pled not guilty and raised the Five[1] and Ten Year Statutes of Limitation. The jury found for the appellees in its answer to Special Issue No. IV with reference to the Five Year Statute of Limitation, but in favor of the appellant in answer to the Special Issue with reference to the Ten Year Statute of Limitation. Pursuant to the jury finding favorable to defendants-appellees in response to Special Issue No. IV[2], the trial court entered a take-nothing judgment. From this judgment appellant has duly perfected her appeal to this court.

The facts show that the property in dispute herein was initially purchased by appellant and her husband, E. R. Keels, on January 13, 1940. In 1944 or 1945, the appellees, Willie Keels and wife, Pearl Keels, the parents of E. R. Keels, together with their daughter, Opal Keels, moved onto the property in question and have remained there since. On the 6th day of August, 1955, Willie Keels and wife, Pearl Keels, executed a deed to their daughter, Opal Keels, purporting to convey the land in question. This deed was duly recorded in the Deed Records of Houston County on August 25, 1955. It is undisputed that appellant did not have any knowledge of such conveyance until January 6, 1956. It was stipulated in the trial court that the use of the property had not changed since they moved on it.

Appellant's husband, E. R. Keels, died in the early portion of the year 1954, intestate, leaving his wife and daughter, Marjorie Keels, as his sole surviving heirs. It was stipulated that appellant was the duly qualified Administratrix of her husband's estate.

Opal Keels, who was an unmarried sister of E. R. Keels and the daughter of appellees Willie Keels and Pearl Keels, died April 3, 1956, leaving a will devising all her property to her mother and father with the remainder to certain brothers and sisters.

By appropriate points of error, appellant contends that as a matter of law the appellees did not establish title by limitation under the Five Year Statute because they had not held the same adversely or paid taxes thereon before delinquency for five consecutive years, and that the trial court erred in overruling her motion for judgment after verdict. Other points preserved by appellant relate to the form in which Special Issue No. IV was submitted to the jury and that the jury's finding in answer thereto was against the great weight and preponderance of the evidence. It becomes unnecessary for us to pass upon the latter points because it is our view that the trial court erred in failing to grant appellant's motion for judgment and in failing to render judgment for appellant.

Appellees correctly state that the principal question involved relates to the time the Statute of Limitation (Art. 5509, Vernon's Ann. Revised Civil Statutes of Texas) commenced to run.

■ Where the original use of the land in controversy is permissive, it is presumed

---

1. ARTICLE 5509. Every suit to recover real estate as against a person having peaceable and adverse possession thereof, cultivating, using or enjoying the same, and paying taxes thereon, if any, and claiming under a deed or deeds duly registered, shall be instituted, within five years next after cause of action shall have accrued, and not afterward. This article shall not apply to one in possession of land, who deraigns title through a forged deed. And no one claiming under a forged deed, or deed executed under a forged power of attorney shall be allowed the benefits of this article.

2. SPECIAL ISSUE NO. IV. "Do you find from a preponderance of the evidence that Willie Keels and the other Co-defendants and those under whom all the defendants claim, have held peaceable and adverse possession of the land described—cultivating, using or enjoying the same and paying taxes thereon and claiming under a deed duly registered for any period of five consecutive years before the 20th day of February, 1964?"
Answer: "We do."

that the continued use thereof is also permissive in the absence of notice to the true owner of the repudiation of such permissive use and assertion of an adverse claim. Williams v. James, 346 S.W.2d 617 (Tex.Civ. App., 1961, n. r. e.) and Park v. Sweeten, 270 S.W.2d 687 (Tex.Civ.App.) aff. 154 Tex. 266, 276 S.W.2d 794 (1955).

█ The Statute of Limitation does not commence to run in favor of one who initially entered into possession with the permission of the true owner until the possessor repudiates his tenancy. New York & Texas Land Co. v. Dooley, 33 Tex.Civ. App. 336, 77 S.W. 1030 (1903, err. ref.) and Geries v. Magness, 31 S.W.2d 167 (Tex.Civ.App., 1930, no writ). The situation of one claiming adversely who had originally entered into possession as a permissive tenant has been held analogous to that of one who originally entered as a tenant in common—in each instance notice of the change in the nature of the claim of possession must be given to those against whom it is asserted. Brown v. Bickford, 237 S.W.2d 763 (Tex.Civ.App., 1951, n. r. e.).

█ It is held in this state that such repudiation must be "plain, positive, and clear-cut," and, until this is done, the tenant is estopped to deny the title of the owner. Houk v. Kirby Petroleum Co., 65 S. W.2d 496 (Tex.Com.App., 1933). Express disaffirmance of the tenancy is required, Benskin v. Barksdale, 246 S.W. 360 (Tex. Com.App., 1923), and the secret intention of the claimant cannot satisfy either the requirement of adversity or notice thereof to the true owner. West Lumber Co. v. Sanders, 225 S.W. 828 (Tex.Civ.App., 1920, err. ref.).

█ It is our view further that the mere recording of a deed to a claimant who initially entered into possession as a permissive user is no evidence of an adverse holding or the repudiation of the tenancy. Udell v. Peak, 70 Tex. 547, 7 S.W. 786

(1888). Positive notice of such repudiation of tenancy and of adverse claim must be brought home to the true owner. Rau v. Christy, 383 S.W.2d 957 (Tex.Civ.App., 1964, no writ); Achille v. Baird, 361 S.W. 2d 439 (Tex.Civ.App., 1962, n. r. e.). If the rule were otherwise, as stated in Udell v. Peak, supra, it would be extremely hazardous for the owner of land to let anyone enter into possession of it if such possessor could, by the mere recording of a deed to the land to himself, repudiate his tenancy and thus set the Statute of Limitation in motion in his favor. Express notice must be brought home to the landlord, and the Statute will run only from the time of such express notice.

█ Applying these principles to the facts in the case before us, the appellees failed to establish title by limitation. The jury found, in answer to Special Issue No. I, that appellees Willie Keels and wife, Pearl Keels, and Opal Keels, deceased initially went into possession of the land in controversy as tenants of E. R. Keels and appellant, Lucille Keels. The deed dated August 6, 1955, from the appellees to Opal Keels, was recorded on August 25, 1955, but there is no evidence in the record that the appellant had any knowledge of this deed earlier than January 6, 1956. There being no other evidence in the record that appellant, prior to the last date aforesaid, had notice of repudiation of the tenancy or adverse claim, the mere recording of the deed on August 25, 1955, did not constitute notice to appellant of a repudiation. It is our view that limitation under the Five Year Statute did not commence until appellant learned of the existence of the deed on January 6, 1956. If all of the requirements of the Five Year Statute were met, title by limitation thereunder would have matured in appellees on January 6, 1961. It is undisputed, however, that the taxes for the year 1960 were not paid prior to delinquency. Since, for the purpose of maturing a limitation title under Article 5509, taxes must be paid before delinquency, ap-

pellees have not shown full compliance with the Article aforesaid.

 In a long line of decisions, commencing with Baker v. Fogle, 110 Tex. 301, 217 S.W. 141, 219 S.W. 450, it has been held that under Article 5509, R.C.S., Texas, the payment of taxes for each of the years in the five year period must be made before they become delinquent. Houston Oil Co. of Texas v. Jordan, 231 S.W. 320 (Tex. Com.App.); Houston Oil Co. of Texas v. Niles, 255 S.W. 604 (Tex.Com.App.); Bryson v. Ferrill, 25 S.W.2d 1001 (Tex. Civ.App., 1930, no writ); Glasscock v. Travelers Ins. Co., 113 S.W.2d 1005 (Tex. Civ.App., 1938, err. ref.); and Jacobs v. Chandler, 248 S.W.2d 825 (Tex.Civ.App., 1952, no writ). Appellees concede that in order to perfect a title under the Five Year Statute, the taxes must be paid prior to delinquency, but they claim that inasmuch as limitation in their favor commenced on August 25, 1955, they had fully complied with this requirement although the 1960 taxes were not paid prior to delinquency. They argue that the five year period terminated on August 25, 1960, and that taxes for the year 1960 were not at that time payable. Appellees further assert that the payment of taxes for the final year is not required when the period of five consecutive years terminates before the taxes are due. In support of this argument, they cite Mariposa Land & Cattle Co. v. Silliman, 27 S.W. 773 (Tex.Civ.App., no writ history); Halbert v. Brown, 9 Tex.Civ.App. 335, 31 S. W. 535 (err. ref.); Brabson v. Brownfield, 259 S.W. 251 (Tex.Civ.App., no writ history); and Juck v. Fewell, C.C. 42 F. 517. The cited cases hold generally that if the period of limitation of five years expires prior to the due date of the taxes, the limitation defense could be maintained without the payment of the taxes for the last year. But appellees' argument fails here because, as we have held hereinabove, the limitation in appellees' favor did not commence on August 25, 1955, when the deed was recorded, but rather on January 6, 1956, when appellant acquired notice of the deed. Therefore, it was necessary for the 1960 taxes to be paid prior to delinquency and appellees' failure to do so prevented perfection of appellees' title by limitation. Club Land & Cattle Co. v. Wall, 99 Tex. 591, 92 S.W. 984 (S.Ct., 1906) and 2 T.J.2d 294, Sec. 169. Appellees failed to establish title by limitation and the trial court should have granted appellant's motion for judgment.

The judgment of the trial court is reversed and rendered for appellant.