NO. 07-99-0285-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 15, 2001

______________________________

CLAUDIA MOORE GRIFFIN, APPELLANT

V.

GEORGE T. WATLEY, APPELLEE

_________________________________

FROM THE 108TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 80,133-E; HONORABLE ABE LOPEZ, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Claudia Moore Griffin appeals from a judgment of the 108th
 District Court of Potter County (the trial court) which awarded title and possession of real property in Potter County to appellee George T. Watley.  She urges that the judgment was improper because (1) she proved her affirmative defenses of adverse possession as a matter of law, (2) the jury’s failure to find for her on the adverse possession defenses was not supported by legally or factually sufficient evidence, (3) appellee did not prove or obtain a jury finding that he was the owner of the property, (4) the jury’s answers were in irreconcilable conflict, and (5) the judgment offset the jury’s monetary award to her by the amount she had been ordered to deposit in the registry of the court.  We affirm.    

BACKGROUND

Appellee George T. Watley  was born on September 10, 1953, to Margaret Watley.  Margaret died when appellee was approximately nine months old.  Following Margaret’s death, Ozelia Watley (Ozelia) became guardian for appellee.  Ozelia and appellee lived in a house Ozelia owned and which was located at 1210 NW 12th
 Street in Amarillo, Texas (the property).  Ozelia died when appellee was twelve years old.  Before she died, Ozelia asked appellant Claudia Moore Griffin to move to Amarillo, live in the property, and become guardian to appellee.  In her will, Ozelia provided that after payment of her expenses and debts, “all the rest and remainder of my property, real, personal or mixed, of whatsoever nature and wheresoever situated” was bequeathed to appellee, except for one set of duplexes which appellee and Ozelia’s nephew, E.M. Watley, were to share equally.  Ozelia also provided in her will that appellant “will take up residence in my home and be appointed guardian for George T. Watley, providing he has not reached the age of 21.”

Following Ozelia’s death, appellant and her four children moved to Amarillo and took up residence in the property.   She was appointed guardian for appellee.  

Appellee and the appellant’s family lived together in the property until appellee was 16 years old.  He then left the home and lived with friends in Amarillo until he graduated from high school.  After graduation, he moved to California, where he eventually joined the United States Navy and served on active duty for approximately three and one-half years.  Following his tour with the Navy, he settled in California, where he lived with his wife and child at the time of trial in March, 1999.

In August, 1994, appellee filed suit to recover possession of the property from appellant.  He also sued to recover rent for the period of time appellant had occupied the property after appellee turned 21 in 1974, and attorney’s fees.  His claim was founded on the bequest in Ozelia’s will.  

Appellant denied appellee’s ownership, pled various defenses including limitations and laches, counterclaimed for title to the property and reimbursement for expenditures on the property and sought recovery of her attorney’s fees.  She based her claim on that part of Ozelia’s will referencing appellant’s living in the property and functioning as appellee’s guardian.  She further asserted title by adverse possession.  

The trial judge ordered appellant to pay $350 per month into the registry of the court beginning on December 1, 1998.  The money was to be awarded to whichever party prevailed in the quest for title to the property.  Appellant made the payments as ordered, except for the payment due on March 1, 1999.  

The case was tried to a jury in March, 1999.  The jury did not find in favor of appellant on her claims that she acquired title to the property under Ozelia’s will in exchange for her services as appellee’s guardian, on her claims of title by adverse possession, or on her claims for reimbursement for taxes she paid on the property.  Nor did the jury find in favor of appellee on his claim that appellant should pay for use and occupation of the property between August, 26, 1992, and March 9, 1999, when the case went to trial.  The jury found that appellee should pay $500 to appellant for improvements she made on the property.  The trial court entered judgment that appellee recover title to and possession of the property, awarded the sums paid into the registry of the court by appellant to appellee and offset the unpaid $350 due from appellant on March 1st
 against the $500 awarded to her by the jury. 

 By six issues appellant urges that (1) the trial court erred in failing to direct a verdict in her favor on her claims of adverse possession (issues one and two); (2) the evidence was legally and factually insufficient to support the jury’s verdict against her on the adverse possession questions (issue three); (3) an irreconcilable conflict existed in the jury’s answers (issue four); (4) the trial court had no basis for reducing the jury’s damages award to her (issue five); and (5) appellee did not prove that he was a true owner of the property (issue six).  Because of the nature of the case and the issues, we will address issues one, two and three together; then address issues four, five and six separately. 

ADVERSE POSSESSION

Appellant asserts by her first two issues that the evidence was legally and factually insufficient to support the jury’s negative findings to her affirmative defenses of adverse possession for three years under title or color of title (jury question 2) and for ten years (jury question 4).  She agrees that she had the burden of proof because adverse possession is an affirmative defense, and that in order to prevail on her adverse possession affirmative defenses, she was required to prove that appellee’s cause of action accrued more than three years and ten years, respectively, before appellee filed suit to gain possession of the property.  She does not dispute that a person permissively occupying property must repudiate the permissive occupancy by a visible and unequivocal act of adversity in order to begin the running of periods required for adverse possession to secure title in the adverse possessor.  

At trial appellant testified that Ozelia’s will led her to expect that if she took up residence in and on the property and assumed the guardianship of appellee, then at some time she would receive title to the property.  She and her children lived on the property continuously after she moved to Amarillo; she paid taxes on it and had repairs done on it; her children and their friends referred to it as “Mrs. Griffin’s house,” and she always referred to it as her property.  She claims that Ozelia’s will gave her “color of title” and that her long, open, exclusive possession gave appellee notice sufficient to cause his cause of action to accrue at some point in excess of the required three and ten year periods before suit was filed.  Appellant also claims that her permissive occupancy of the property under Ozelia’s will, and via Ozelia’s estate, was repudiated by what her brief calls the foreclosure of an ad valorem tax lien, her redemption of the property by payment of the past-due taxes in early 1974, and her continued payment of the taxes thereafter until filing of the instant suit by appellee.  She specifies September 10, 1974, appellee’s 21st
 birthday, as the date his cause of action, if any accrued.  On the other hand, she testified that approximately one year before appellee filed his suit for possession of and title to the property, she had a telephone conversation with appellee in which the question of ownership of the property was discussed, but before that telephone conversation she did not in any manner tell appellee that she was claiming ownership of the property.  She testified that in accordance with Ozelia’s will, she expected that there would be a court hearing and that she would receive a document saying she owned the property after she finished acting as guardian for appellee.  Despite never having participated in a court hearing or receiving a document giving her title, however, and despite her claim that she considered the property to be hers, she paid taxes on the property through the 1980's and as late as 1992 in response to tax statements which were addressed to the Ozelia Watley Estate, in care of appellant.
(footnote: 1)
 When a party bears the burden of proof and the factfinder fails to find for that party, a legal sufficiency of the evidence challenge to the factfinder’s failure to find for the party entails two inquiries.  
See
 
Sterner v. Marathon Oil Co.
, 767 S.W.2d 686, 690 (Tex. 1989).  First, the record must be examined for evidence that supports the factfinder’s failure to find for the party with the burden of proof.  Second, if there is no evidence to support the failure to make a finding, then the entire record must be examined to see if the contrary proposition is established as a matter of law.  
Id
.   
A legal sufficiency point will be sustained when: (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of a vital fact. 
Merrell Dow Pharm., Inc. v. Havner
, 953 S.W.2d 706, 711 (Tex. 1997); 
Cecil v. Smith
, 804 S.W.2d 509, 510 n.2 (Tex. 1991).

If a finding is challenged for factual sufficiency of the evidence, all of the evidence is reviewed, 
Lofton v. Texas Brine Corp
., 720 S.W.2d 804, 805 (Tex. 1986), 
both favorable to and contrary to the findings.  
In re King’s Estate
, 150 Tex. 662, 664-65, 244 S.W.2d 660, 661 (1951).  We reverse on the basis of factual insufficiency only if the verdict is so against the great weight and preponderance of the evidence that it is manifestly erroneous or unjust.  
Id
.  In making our determination as to factual sufficiency assertions, we do not reweigh the evidence and set the verdict aside merely because we feel that a different result is more reasonable.  
Pool v. Ford Motor Co
., 715 S.W.2d 629, 634 (Tex. 1986).  The factfinder, whether jury or trial court in a bench trial, is the sole judge of the credibility of the witnesses and the weight to be given their testimony.  
Leyva v. Pacheco
, 163 Tex. 638, 358 S.W.2d 547, 549 (1962).

Subchapter B of the Texas Civil Practices and Remedies Code provides limitations periods for bringing actions to recover real property which another possesses adversely.  Adverse possession is defined by the Civil Practices and Remedies Code as: (1) actual and visible appropriation (2) of real property (3) commenced and continued under a claim of right (4) that is hostile to the claim of another person.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.021(1) (Vernon 1986).  The person claiming title by adverse possession has the burden to prove each element by a preponderance of the evidence.  
Parker v. McGinnes
, 842 S.W.2d 357, 360 (Tex.App.--Houston [1st Dist.] 1992, writ denied).  

The three year statute for adverse possession requires that suit to recover real property held by another in peaceable and adverse possession under title or color of title be brought not later than three years after the day the cause of action accrues.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.024 (Vernon 1986).  “Color of title” requires a consecutive chain of transfers to the party in possession that is not regular because of a muniment that is not properly recorded or is only in writing or because of a similar defect that does not lack intrinsic fairness or honesty.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.021(2) (Vernon 1986).  The ten year statute requires that suit to recover real property be brought not later than ten years after accrual of the cause of action if the real property is held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.026 (Vernon Supp. 2001). 

Constructive notice of an adverse claim may be presumed where possession was long, notorious, continued, and exclusive.  
See
 
McClaren v. Beard
, 811 S.W.2d 564, 568-69 (Tex. 1991); 
Vasquez v. Meaders
, 156 Tex. 28, 291 S.W.2d 926, 927 (1956).  However, when the original use of the land in controversy is permissive, it is presumed that the continued use thereof is also permissive in the absence of notice to the true owner of the repudiation of such permissive use and assertion of an adverse claim.  
Keels v. Keels
, 427 S.W.2d 913, 915-916 (Tex.Civ.App.--Tyler 1968, no writ); 
Burnett v. Knight
, 428 S.W.2d 470, 472 (Tex.Civ.App.--Dallas 1968, writ ref’d n.r.e.).  To establish notice that the permissive character of possession had been repudiated, the claimant must prove that the acts were of such clear and unequivocal nature that they were unmistakably hostile to the true owner.  
Sims v. Cage
, 523 S.W.2d 486, 491 (Tex.Civ.App.--Houston [1st Dist.] 1975, writ ref’d n.r.e.).

Both the three and ten year adverse possession jury questions required appellant to prove the adversity of her possession.  Appellant acknowledged in her testimony that absent her claim to the property by moving to Amarillo and acting as guardian for appellee, the property would have belonged to appellee under terms of Ozelia’s will.  And, we agree with her testimonial conclusion.  The probate code provides that when a testator dies, title immediately vests in the devisees or legatees of the will.  
Tex. Prob. Code Ann.
 § 37 (Vernon Supp. 2001).  Accordingly, an ownership interest comprised of at least an equitable interest in the property vests in the devisees immediately upon death of the testator, 
see
 
Kelley v. Marlin
, 714 S.W.2d 303, 305-06 (Tex. 1986), even though the legal and equitable titles may be separate during pendency of administration of the estate.  
See
 
Bailey  v. Cherokee County Appr. Dist.
, 862 S.W.2d 581, 584 (Tex. 1993).  

Because appellant was permissively residing on the property to begin with, her continued possession and use of the property as evidenced in this record, without more, was at most some evidence of constructive notice to appellee of her adverse claim.  
Keels
, 427 S.W.2d at 915-16.  Her testimony was that she at some point expected a court hearing and receipt of a document giving her ownership of the property in exchange for her services as guardian of appellee.  The hearing did not take place and she did not receive a document of title.  She continued receiving and paying tax statements on the property which were addressed to Ozelia’s estate.      

Pursuant to the terms of Ozelia’s will, appellee had an ownership interest in the property at all times after Ozelia’s death.  
See
 
Bailey
, 862 S.W.2d at 584.    The evidence was legally sufficient to support submission to the jury of appellant’s adverse possession defenses, and to support the jury’s failure to find in appellant’s favor on those defenses.
(footnote: 2)  Appellant was not entitled to a directed verdict in her favor on her three and ten year adverse possession defenses.  Additionally, the jury’s failure to find in favor of appellant on her adverse possession defenses and jury questions was not 
so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust.  
In re King’s Estate
, 244 S.W.2d at 661.  Thus, the evidence was factually sufficient to support the verdict.   
Appellant’s first, second, and third issues are overruled.  
 

IRRECONCILABLE CONFLICT IN JURY’S ANSWERS

By issue number four appellant asserts that the jury’s answer of ”10" to jury question No. 4 inquiring if she adversely possessed the property for 10 years creates an irreconcilable conflict in the jury’s answers.  Appellee replies that appellant waived the error, if any, by failing to request the trial court to retire the jury for further deliberations.  

When the trial court read the jury’s verdict out loud following deliberations, the jury foreperson told the judge that the jury’s answer to question No. 4 was not “10,” but was “No,” and that she had improperly recorded the jury’s answer if the answer on the verdict form was written as “10.”  Thereafter the trial court polled the jury at appellant’s request and no juror questioned the statement of the foreperson as to the answer to question No. 4 being “No.”  Appellant made no objection to receipt of the verdict.

To preserve a complaint for appellate review, a party must present the complaint to the trial court by a timely request, motion, or objection, state the specific grounds therefor, and obtain a ruling.  
Tex. R. App. P
. 33.1(a); 
Holland v. Wal-Mart Stores, Inc.
, 1 S.W.3d 91, 94 (Tex. 1999); 
In re C.O.S.
, 988 S.W.2d 760, 764-65 (Tex. 1999)
.  If a jury verdict is defective, incomplete, not responsive to the questions contained in the court’s charge, or in conflict, the jury may be further instructed in writing by the court and retired for further deliberations.  
Tex. R. Civ. P
. 295.  Appellant did not preserve error by timely objecting to receipt of the jury’s verdict or by requesting the trial court to retire the jury for further deliberations.  Her fourth issue is overruled. 

OFFSET AGAINST JURY’S AWARD 

Appellant’s fifth issue urges that the trial court erred by rendering judgment allowing an offset against the monies awarded to her by the jury.  She claims that the issue of offset was a matter of disputed fact on which she was entitled to notice of hearing and opportunity to be heard, and that there is nothing in the record that justifies the offset shown in the judgment.

Appellee sued appellant because she withheld the property when appellee made demand for possession.  He sued for title to and possession of the property as well as the rental value of the property during appellant’s possession.  He prayed for title and possession of the property, damages, costs of suit, pre- and post-judgment interest, attorney’s fees, and general relief.       

On December 7, 1998, the trial judge entered an order that appellant was to pay into the registry of the court the sum of $350 on December 1, 1998, and on the first day of each month thereafter until the case could be tried before a jury.  The order recited that the case was set for jury trial on November 30, 1998, appellant was not ready to try the case on that date, the parties agreed to the payments to be made by appellant, and it was anticipated that the sum paid by appellant would be paid to the party prevailing at trial.  

When the case was tried, the jury found that appellee should pay $500 to appellant for permanent and valuable improvements made by appellant to the property.  In its judgment which was signed on March 22, 1999, the trial court awarded to appellee the amount of $1,050 which, pursuant to the order of December 7, 1998, appellant had paid into the registry of the court for the payments due on December 1, 1998, January 1, 1999 and February 1, 1999.  Additionally, because appellant had not made the payment due for March 1, 1999, the trial court offset the $350 which appellant should have paid for March 1st
, against the $500 awarded to appellant by the jury. 

As noted by appellant, the trial court is to render judgment conforming to the pleadings, the nature of the case proved and the verdict.  
Tex. R. Civ. P.
 301.  The trial court’s final judgment referenced its order of December 7, 1998.  Appellant did not complain in the trial court and does not on appeal complain of or question the recitations of the December 7th
 order that she agreed to its substance.  Nor does she complain of the trial court awarding to appellant the $1,050 she paid into the registry of the court pursuant to the order.  Her motion for new trial did not question or object to the trial court’s offset of the $350 she was ordered to, but according to the judgment, did not,  pay into the registry of the court on March 1, 1999.  
See
 
Tex. R. Civ. P
. 324(b)(1).

Appellant did not preserve error by timely request, motion, or objection to the trial court, stating the specific grounds therefor, and obtain a ruling.  
Tex. R. App. P
. 33.1(a); 
Holland
, 1 S.W.3d at 94; 
In re C.O.S.
, 988 S.W.2d at 764-65.  Furthermore, she invited the error, if any.  A party may not "invite" error by requesting that the trial court take specific action and then complain on appeal that the trial court erred in granting the request.  
Northeast Texas Motor Lines, Inc. v. Hodges
, 138 Tex. 280, 158 S.W.2d 487, 488 (1942).  The rule, based on an estoppel principle is "grounded in even justice and dictated by common sense."   
Id
. 
 In this instance appellant obtained a continuation of the trial setting of November 30, 1998, via an agreement to pay $350 per month into the registry of the court in anticipation that whoever prevailed at trial would be awarded the money.  She then failed to make the payment for March 1st
.  She did not assert in the trial court and does not assert on appeal that she paid the March 1st
 payment into the registry of the court and that the trial court’s offset of her award from the jury by the $350 resulted in entry of an erroneous judgment because of a double recovery by appellee.  
See
 
Tex. R. App. P
. 44.1(a). 
 Appellant’s fifth issue is overruled.  
   

WAS APPELLEE A “TRUE OWNER” OF THE PROPERTY

The trial court did not submit a question to the jury inquiring if appellee was owner of the property.  Appellant urges that the failure to submit a jury question on appellee’s ownership claim deprived her of a jury trial on the fundamental issue of ownership, which was central to her case.  Appellant also objected to the manner in which jury question 8 was worded because it was not submitted conditioned on a finding that appellee was the legal or true owner of the property.  She complains that such a submission impermissibly commented on the weight of the evidence, and effectively instructed the jury to find for appellee.  In making such argument she cites no authority other than referencing 
Tex. R. Civ. P
. 277 and reciting part of the rule.  

Appellee responds that Ozelia’s will bequeathed the property to appellee and that Section 37 of the Texas Probate Code resulted in the property vesting immediately in appellee upon Ozelia’s death.  As a result, there was no jury question to be submitted as to appellee’s ownership status.  We agree with appellee.

Only disputed issues must be submitted to the jury.  
Tex. R. Civ. P
. 278, 279; 
T.O. Stanley Boot Co., Inc., v. Bank of El Paso
, 847 S.W.2d 218, 223 (Tex. 1992).  For one to be entitled to a jury question, the disputed issue must be raised by the pleadings and supported by the evidence. 
Tex. R. Civ. P.
 278; 
Triplex Communications, Inc., v. Riley
, 900 S.W.2d 716, 718 (Tex. 1995).  

Ozelia’s will bequeathed the property to appellee.  As we have previously noted, when a testator dies, title immediately vests in the devisees or legatees of the will, even though the legal and equitable titles may be separate during pendency of administration of the estate.  
See
 
Bailey
, 862 S.W.2d at 584.  The record does not evidence any basis for questioning appellee’s ownership of the property pursuant to Ozelia’s will, such as debts left by Ozelia for which the property might have been sold before the administration was closed.  
See
 
id
.  The language of the will does not grant to appellant an expectation of title, or an offer of title for serving as guardian, which she urges.
(footnote: 3)  The question of appellee’s ownership of the property was not a disputed issue which required submission to the jury for resolution.  

In determining whether the trial court improperly commented on the weight of the evidence by the manner in which it submitted question 8, the standard of review is whether the trial court abused its discretion.  
Rowe v. Rowe
, 887 S.W.2d 191, 199 (Tex.App.--Fort Worth 1994, writ denied).  To have been an impermissible comment on the weight of the evidence, the submission must have suggested to the jury the trial court’s opinion on the matter the jury was asked to decide.  
Id
.  The charge in its entirety must be considered in light of the record.  
See
 
id
. at 199-200.    

Neither appellant nor appellee asserted that ownership of the property should be in anyone other than appellant or appellee.  Appellant’s position was that she received, should have received, or should currently receive title to the property.  She maintained, as part of her position, that appellee was not bequeathed the property, and if he was, he should be divested of it and title transferred to appellant.  The evidence and jury arguments were directed to that end.  Appellee’s counsel did not argue to the jury that the court’s charge implied the judge held an opinion that appellee should prevail, or that submission of question 8 without a predicate finding that appellee was the owner of the property implied that the judge was of the opinion that appellee owned the property.  We conclude that the submission of jury question 8 without a predicate finding of ownership by appellant was at most an incidental comment on the weight of the evidence.  
See
 
id
.  

Moreover, the judgment may not be reversed unless the claimed error probably caused the rendition of an improper judgment.  
Tex. R. App. P
. 44.1(a)(1).  Appellant does not cite authority nor reference the record to substantiate her argument that the manner in which question 8 was submitted probably resulted in the rendition of an improper judgment, other than to assert that in the absence of an affirmative finding that appellee owned the property, appellee was not entitled to recover the property.  Even if the submission constituted a direct comment on the weight of the evidence, 
see
 
id
., the 
contention was waived by failing to cite authority for or present argument to support her allegation that the manner of submission probably caused the rendition of an improper judgment.  
Tex. R. App. P
. 38.1(h); 
see
 
Metzger v. Sebek
, 892 S.W.2d 20, 45 (Tex.App.--Houston [1st Dist.] 1994, writ denied); 
St. Elizabeth Hosp. v. Graham
, 883 S.W.2d 433, 439 (Tex.App.--Beaumont 1994, writ denied).  Appellant’s sixth issue is overruled.

The judgment of the trial court is affirmed.  

Phil Johnson

     Justice

Do not publish.

FOOTNOTES
1:
Appellant also advances the position that appellee’s response to her Requests for Admissions admitted his knowledge that her claim of ownership was adverse to his own claim of ownership.  The requests for admission, however, do not request that appellee admit that he had 
knowledge
 of appellant’s claim of ownership.  And, his knowledge of or notice of the adverse claim was the crux of the adverse possession issues in controversy.   Furthermore, appellant failed to object to or prevent the introduction of testimony by both parties which demonstrated that appellee had no notice of the adverse claims of appellant until his telephone conversation with appellant about one year before suit was filed.  A party relying on judicial admissions must protect the record by objecting to the introduction of controverting testimony and evidence, or the right to rely on the admissions is waived.  
Marshall v. Vise
, 767 S.W.2d 699, 700 (Tex. 1989); 
Wirtz v. Massachusetts Mut. Life Ins. Co.
, 898 S.W.2d 414, 422 (Tex.App.--Amarillo 1995, no writ).  Appellant waived her right to rely on the admissions.      

2:
We do not address whether the evidence would have legally or factually supported an affirmative finding to appellant’s adverse possession defenses and jury questions. 

3:
Even if the will granted such an expectation, the jury found in response to jury question number one that appellant did not acquire title to the property in exchange for serving as guardian of appellee.